MARY HINDE, ADMINISTRATRIX (ESTATE OF RICHARD J. HINDE) *v.* JOHN BUTLER ET AL.

| SUPERIOR COURT | JUDICIAL DISTRICT OF NEW HAVEN | FILE No. 161169 |
|---|---|---|

Memorandum filed July 5, 1979

*Richard A. Dice* and *James O'Connor Shea,* for the plaintiff.

*Fazzone, Nuzzo & Baillie,* and *Gordon, Muir & Foley,* and *Rogin, Nassau, Caplan, Lassman & Hirtle,* for the defendants.

LEXTON, J. The plaintiff, as administratrix of the estate of her late husband, Richard J. Hinde, brings this action for damages for his alleged wrongful death on November 21, 1977, as a result of the claimed negligence of the defendants as set forth in the complaint on file, and pursuant to § 52-555 of the General Statutes concerning actions for injuries resulting in death.

The plaintiff now comes to this court on a motion to intervene as an individual plaintiff and also as parent and next friend of the four minor children of the deceased. She seeks to amend the complaint on file by adding to it a fourth count, claiming loss of consortium as the wife of the deceased, and a fifth count, claiming loss of consortium on the part of the four minor children.

The two issues presented in the motion before the court are whether the spouse of an injured party may seek damages for loss of consortium in an action brought under the provisions of § 52-555 of the General Statutes, and whether the minor children of an injured party may seek damages for loss of consortium in any action, wrongful death or otherwise.

The Connecticut law of consortium has recently undergone a major shift as enunciated in *Hopson* v. *St. Mary's Hospital,* 176 Conn. 485, which overruled the case of *Marri* v. *Stamford Street R. Co.,* 84 Conn. 9. Actions for loss of consortium, long prohibited by *Marri,* are now permitted. In deciding the *Hopson* case, the Supreme Court was not in a position to explore or foresee all of its possible ramifications. These must be dealt with as each arises, as in the present case before the court.

The first conclusion to be drawn from the *Hopson* case is that a claim for loss of consortium is not merely a claim but is also a cause of action. For example in *Hopson* (p. 487), the Supreme Court

stated that "[i]nterference with the husband's rights to his wife's services or society, whether of an intentional or negligent nature, gave rise to *a cause of action* based on the husband's quasi-proprietary interest in his wife. Rosenberg, 'Negligently Caused Loss of Consortium—A Case for Recognition as a Cause of Action in Connecticut,' 2 Conn. L. Rev. 399, 400." (Emphasis added.) Similarly, that court, in its approving discussion of *Hitaffer* v. *Argonne Co.*, 183 F.2d 811 (D.C. Cir.), cert. denied, 340 U.S. 852, referred to the court's holding in *Hitaffer* that "a wife has *a cause of action* for loss of consortium due to an injury negligently inflicted upon her spouse by a third party." *Hopson* v. *St. Mary's Hospital,* supra, 489. (Emphasis added.) Finally, in its discussion of how the action ought to be tried, the *Hopson* court treated loss of consortium as a separate cause of action which must be asserted specially. *Hopson* v. *St. Mary's Hospital,* supra, 494.

The second conclusion to be drawn from *Hopson* is that an action for loss of consortium, although a separate cause of action, is not an independent action but a derivative one that is attached to the claim of the injured spouse. The court in that case states directly (p. 494) that "a consortium action is derivative of the injured spouse's cause of action . . . ." In addition, the *Hopson* case provides that if the claim of the injured spouse is terminated by settlement, or by an adverse judgment on the merits, then the consortium claim is barred, thus attesting to its derivative nature. It is thus manifestly clear that if the injured party has a cause of action which has been timely brought, and which has not been terminated by settlement or by an adverse judgment on the merits, that party's spouse has a cause of action against the negligent third party for loss of consortium.

General Statutes § 52-555 and its predecessors have been construed many times by the Supreme Court. An action for wrongful death is not an independent cause of action that arises at the death of the decedent. *Floyd* v. *Fruit Industries, Inc.,* 144 Conn. 659, 668; *Chase* v. *Fitzgerald,* 132 Conn. 461, 467. "The right of recovery for death which our statute gives is not one which is independent of or unrelated to the right of action which was in the deceased at his death. . . . The right of action which the executor or administrator is permitted to pursue . . .. comes to the representative by *survival.* The right of recovery for the death is as for one of the consequences of the wrong inflicted upon the decedent. . . . The *survival* statute operates to transfer to the representative the right of action which the deceased had for his sufferings and disability during life . . . . The new event [death] is not regarded as one which creates a cause of action, but one which has a bearing upon the award of damages." (Emphasis added.) *Kling* v. *Torello,* 87 Conn. 301, 305–306; *Foran* v. *Carangelo,* 153 Conn. 356, 360; *Floyd* v. *Fruit Industries, Inc.,* 144 Conn. 659, 668–69; *Chase* v. *Fitzgerald,* 132 Conn. 461, 467; *Shaker* v. *Shaker,* 129 Conn. 518, 521; *Davis* v. *Margolis,* 108 Conn. 645, 647–49; *Broughel* v. *Southern New England Telephone Co.,* 72 Conn. 617, 622; *Goodsell* v. *Hartford & New Haven R. Co.,* 33 Conn. 51, 55.

The plaintiff administratrix "stands in the shoes of the decedent and can recover only if the decedent, had his injuries not proven fatal, could himself have recovered." *Nolan* v. *Morelli,* 154 Conn. 432, 435. A wrongful death action in Connecticut is the same as that instituted in the case of nonfatal injuries except for the inclusion of an additional element of damage, that of death. The two actions rest on substantially the same basis. *Overlock* v. *Ruedemann,* 147 Conn. 649, 651.

Section 52-555 provides that "just damages" will be awarded in a wrongful death action. A consortium action is not based merely upon some sentimental value, nor is it a claim for loss to a relative. Consortium is a conceptualistic unity which inseparably combines both the sentimental and the service elements of the marital relation. *Hopson* v. *St. Mary's Hospital,* supra, 492. The precise activities encompassed by the term "services" were never uniformly defined. In Connecticut, the courts have generally interpreted it to mean those services "which found their expression at the domestic fireside, and in all manner of aid, assistance and helpfulness in all the relations of domestic life." *Marri* v. *Stamford Street R. Co.,* 84 Conn. 9, 12–13. Citing *Hoekstra* v. *Helgeland,* 78 S.D. 82, the Supreme Court also stated approvingly in *Hopson* v. *St. Mary's Hospital,* supra, 491, that "[t]ime may erase the mental aberration, but may not restore the physical ability to furnish the elements of consortium."

"Just damages," as provided in § 52-555 of the General Statutes, are legally recoverable damages, and since damages for loss of consortium are now legally recoverable as a result of the *Hopson* decision, they are inclusive in the term "just damages."

The court concludes that a wrongful death action is not a new and independent action created by the injured party's demise. It is a claim of the deceased party which survives his or her death. The spouse of the injured party can, therefore, attach to the claim of the deceased his or her own derivative but independent claim for loss of consortium.

Consortium is an element of a marital relationship and cannot be extended to the children of the marriage.

The court grants the motion to intervene of Mary Hinde individually as a party plaintiff, and grants permission to file the fourth count of the amended complaint.

The court denies the motion to intervene on the part of Julia, Susan, Steven and James Hinde by Mary Hinde as parent and next friend. It also denies permission to file the fifth count of the amended complaint.