**James G. CLARK, as Administrator of the Estate of Mary K. Clark, deceased, and James G. Clark, individually, Plaintiffs,**

v.

**Patricia L. ROMEO, Frederick J. Romeo and Michael G. Scoppe, Defendants.**

Civ. A. No. B–82–21.

United States District Court,
D. Connecticut.

April 20, 1983.

Robert K. Marzik, Stratford, Conn., for plaintiffs.

Kevin T. Gormley, Gormley & Dwyer, New Haven, Conn., for defendants Patricia L. Romeo and Frederick J. Romeo.

Irwin E. Friedman, Bridgeport, Conn., for defendant Michael G. Scoppe.

RULING ON MOTION TO AMEND

ZAMPANO, District Judge.

This diversity action was commenced by the plaintiff, James G. Clark, to recover damages for the alleged wrongful death of his wife in an automobile accident. He now moves to amend the complaint to add a claim for loss of consortium on behalf of his infant children. The defendants oppose the motion on the ground that the amendment fails to set forth a viable cause of action under Connecticut law.

Plaintiff concedes no Connecticut case authorizes the cause of action. He argues, however, that were the Connecticut Supreme Court to decide the question, it would permit a loss of consortium recovery by minors under the principles enunciated in *Hopson v. St. Mary's Hospital,* 176 Conn. 485, 408 A.2d 260 (1979). In addition, plaintiff contends that a "consortium" interest for minors is a logical extension of the growing trend in the law to increase the legal rights of children.

I

In its landmark decision in *Hopson,* the Connecticut Supreme Court overruled precedent and held that "either spouse has a claim for loss of consortium shown to arise from a personal injury to the other spouse caused by the negligence of a third person . . . ." *Id.* at 496, 408 A.2d 260. See generally Balbirer & McLachlin, *Survey of Developments in Connecticut Family Law,* 53 Conn.B.J. 391, 420 (1979); Horton, *Connecticut Supreme Court Review 1978–79 Court Year,* 54 Conn.B.J. 85, 105 (1980). Several post-*Hopson* Connecticut cases have extended claims for loss of consortium to actions brought by widowed spouses pursuant to Connecticut's wrongful death stat-

ute, Conn.Gen.Stat. § 52–555. See *Panagos v. Wall,* Conn.L. Tribune, Mar. 24, 1980, at 11, col. 2 (Super.Ct. March 3, 1980) (widowed spouse has cause of action for loss of consortium pursuant to Section 52–555, but court declines to decide if such an action is barred if not brought under that statute); *Hinde v. Butler,* 35 Conn.Sup. 292, 296, 408 A.2d 668 (Super.Ct.1979) (spouse can attach own derivative but independent claim for loss of consortium to a Section 52–555 action). The majority of cases, however, have rejected the claim. See, e.g., *McRae v. General Motors Corp.,* N–81–294, slip op. 2–3 (D.Conn. Oct. 22, 1981) (Latimer, Mag., affirmed by Eginton, J.); *Hernandez v. Bristol Hospital,* H–81–344 (D.Conn. Sept. 1, 1981) (Cabranes, J.); *Demers v. Landry,* Conn.L. Tribune, Mar. 2, 1981, at 15, col. 2 (Super.Ct. Oct. 31, 1980); *Nelson v. Innes Bros. Inc.,* Conn.L. Tribune, May 21, 1979, at 18, col. 3 (Super.Ct. May 3, 1979).

While there is a conflict in the law of consortium with respect to a surviving spouse, the post-*Hopson* case law is unanimous in denying a cause of action for a child's loss of parental consortium. In *Reilly v. DiBianco,* Conn.L. Tribune, Mar. 30, 1981, at 13, col. 2 (Super.Ct. Feb. 17, 1981), Judge Levine held that a minor could not sue a negligent third party for loss of consortium. Moreover, in *Hinde,* Judge Lexton held in a Section 52–555 wrongful death case that "[c]onsortium is an element of a material relationship and *cannot be extended to the children of the marriage* (emphasis added)." *Id.* 35 Conn.Sup. at 296, 408 A.2d 668. See also *Camacho v. Rackliffe,* H–80–704, slip op. at 3 (D.Conn. May 5, 1981) (following *Hinde* in this context).

The Connecticut Supreme Court, since its *Hopson* decision, has not directly addressed the question of whether an infant has a claim for loss of consortium. This Court must, therefore, apply what it finds "to be the state law after giving 'proper regard' to relevant rulings of other courts of the state." *Commissioner v. Estate of Bosch,* 387 U.S. 456, 465, 87 S.Ct. 1776, 1782, 18

L.Ed.2d 886 (1967). See also *Cunninghame, v. Equitable Life Assurance Society of the United States,* 652 F.2d 306, 308 (2 Cir.1981) ("the federal court must make an estimate of what the state's highest court would rule to be its law . . . .")

Plaintiff submits that, in the light of its reasoning in *Hopson,* the Connecticut Supreme Court would not adopt the results set forth in *Reilly* and *Hinde.* This Court disagrees.

It is clear that the Connecticut Supreme Court in *Hopson* limited its consortium ruling to the marriage relationship. *Id.* 176 Conn. at 487, 496, 408 A.2d 260.[1] Neither the court's rationale, nor any reasonable inference to be drawn therefrom, permits a conclusion that it intended to overrule its prior decisions which proscribed loss of consortium claims by minor children. See, e.g., *Foran v. Carangelo,* 153 Conn. 356, 361, 216 A.2d 638 (1966) (Section 52–555 not applicable to a minor's claim for loss of care and affection); *Taylor v. Keefe,* 134 Conn. 156, 161–63, 56 A.2d 768 (1947) (rejecting a loss of consortium action based on alienation of affections by a minor child). See also *Reilly* at 14 (reviewing *Keefe*). Moreover, it is noteworthy that the *Hopson* Court, in recognizing a spouse's consortium right, appears to have been strongly influenced by the clear trend in other jurisdictions approving the rule. *Id.* 176 Conn. at 495, 408 A.2d 260.

## II

In the case *sub judice,* however, the Court is faced with the opposite situation. The majority of courts that have addressed the issue have denied minors a loss of consortium claim for tortious injury to the parent. See, e.g., *Berger v. Weber,* 411 Mich. 1, 303 N.W.2d 424, 439 (Mich.1981) (Levin, J. dissenting) (citing 19 jurisdictions which have disapproved the cause of action); *Reilly* at 14 (citing *Borer v. American Airlines, Inc.,* 19 Cal.3d 441, 138 Cal.Rptr. 302, 563 P.2d 858 (1977)). (18 jurisdictions). See generally Note, *The Childs Right to Sue for Loss of a*

---

1. See generally Comment, *Wrongful Death and Loss of Consortium,* 14 Conn.L.Rev. 631, 647 n. 83 (1982) (loss of consortium interest limited to marital relationship).

*Parent's Love, Care and Companionship Caused by Tortious Injury to the Parent,* 56 Boston Univ.L.Rev. 722, 722 ("Courts have consistently refused to grant a right of action to a child for loss of a parent's love, care and companionship resulting from tortious injury to the parent.") (citations omitted); Liebo, *Parental Consortium,* 25 For the Defense 9 (1983) (majority of jurisdictions have refused to recognize a claim for 'parental consortium'). Only a few states recognize a child's claim for loss of consortium. See, e.g., *Weitl v. Moes,* 311 N.W.2d 259 (Iowa 1981); *Ferriter v. Daniel O'Connell's Sons, Inc.,* 381 Mass. 507, 413 N.E.2d 690 (Mass.1980); *Berger v. Weber,* 411 Mich. 1, 303 N.W.2d 424 (Mich.1981).

Moreover, the Connecticut Supreme Court in *Foran* expressly ruled that Section 52–555 may also not be utilized by minors to bring a loss of consortium claim for postmortem damages. There, the Supreme Court held that "[d]eath, at common law, is not a recoverable element of damage," *id.* 153 Conn. at 359, 216 A.2d 638 (citing *Floyd v. Fruit Indus., Inc.,* 144 Conn. 659, 668, 136 A.2d 918 (1957)) and clarified that the children's damages which flow from the loss of parental care and affection do not fall within the statute. *Id.* 153 Conn. at 361, 216 A.2d 638. See also *McRae* at 2 (citing *Foran* ).

The Court is therefore of the opinion that minors cannot bring a claim for loss of consortium under Connecticut law for either antemortem or postmortem damages.

Accordingly, plaintiff's motion to amend the complaint is denied.[2]

SO ORDERED.

---

2. In view of this ruling, the Court need not address defendants' premature motion to strike and that motion is off as moot. See *Septon v.*

---

*The Rumsey Hall School, Inc.,* No. H–82–155 slip op. at 2 (D.Conn. Mar. 28, 1983).