WILLIAM SHATTUCK, ADMINISTRATOR (ESTATE OF STILLBORN CHILD), ET AL. *v.* ASHBEL G. GULLIVER ET AL.

SUPERIOR COURT    JUDICIAL DISTRICT OF    FILE No. 38416
LITCHFIELD

Memorandum filed June 22, 1984

*Kenny & Brimmer,* for the plaintiffs.
*Gager, Henry & Narkis,* for the named defendant.

*Howard, Kohn, Sprague & Fitzgerald,* for the defendant Charlotte Hungerford Hospital.

*Montstream, Brown & May,* for the defendant Teri Stone.

PICKETT, J. This case arises from the alleged negligence of the defendants in connection with the medical care and treatment of the plaintiff mother during her pregnancy, which resulted in the stillbirth of the plaintiffs' son. The plaintiff, William Shattuck, as administrator of the estate of his stillborn son, brought a wrongful death action against the three named defendants in counts one through three. The plaintiff mother, Anne Shattuck, asserts claims for negligent infliction of emotional distress in counts four through six..Both parents individually seek to recover for loss of consortium resulting from their son's stillbirth in counts seven through twelve.

The defendant Charlotte Hungerford Hospital moved to strike counts nine and twelve of the complaint in which the plaintiffs seek recovery for loss of consortium against the defendant hospital. The issue before the court is whether the parents of a stillborn infant can recover for loss of consortium in a wrongful death action.

A motion to strike tests the legal sufficiency of a count of a complaint to state a claim for which relief can be granted. Practice Book § 152 (1). A motion to strike admits all well pleaded facts which are construed most favorably to the pleader. *Verdon* v. *Transamerica Ins. Co.,* 187 Conn. 363, 365, 446 A.2d 3 (1982). The existence of any cause of action in the challenged pleading results in denial of the motion. *Alarm Applications Co.* v. *Simsbury Volunteer Fire Co.,* 179 Conn. 541, 545, 427 A.2d 822 (1980).

In *Hopson* v. *St. Mary's Hospital,* 176 Conn. 485, 408 A.2d 260 (1979), the Supreme Court reversed prior case law by recognizing the existence of a common law claim for a spouse's loss of consortium. The court stated (p. 496) that "either spouse has a claim for loss of consortium shown to arise from a personal injury to the other spouse caused by the negligence of a third person." *Hopson* did not involve a postmortem claim. The Supreme Court has not yet addressed the issue of the effect of Connecticut's wrongful death statute, General Statutes § 52-555, on a claim for loss of consortium by a surviving spouse. The Superior Court cases are in conflict.

"Death, at common law, is not a recoverable element of damage." *Foran* v. *Carangelo,* 153 Conn. 356, 359, 216 A.2d 638 (1966). "The same rule applies to any element of damage directly flowing from death. In other words, death and its direct consequences can constitute recoverable elements of damage only if, and to the extent that, they are made so by statute." Id.

Connecticut's wrongful death statute, § 52-555 of the General Statutes, states in pertinent part: "In any action surviving to or brought by an executor or administrator for injuries resulting in death, whether instantaneous or otherwise, such executor or administrator may recover from the party legally at fault for such injuries just damages together with the cost of reasonably necessary medical, hospital and nursing services, and including funeral expenses." Since the wrongful death statute is in derogation of the common law, it must be strictly construed. *Grody* v. *Tulin,* 170 Conn. 443, 448, 365 A.2d 1076 (1976).

A right of action for wrongful death belongs to the decedent brought by an executor or administrator, and includes specific damages that would otherwise not be recoverable. General Statutes § 52-555; *Keogh* v.

*Bridgeport,* 187 Conn. 53, 58–59, 444 A.2d 234 (1982); *Foran* v. *Carangelo,* supra, 360. These damages include "just damages," defined as "(1) the value of the decedent's lost earning capacity less deductions for . . . necessary living expenses and taking into consideration that a present cash payment will be made, (2) compensation for the destruction of [the] capacity to carry on and enjoy life's activities in a way [the decedent] would have done had [the decedent] lived, and (3) compensation for conscious pain and suffering." *Katsetos* v. *Nolan,* 170 Conn. 637, 657, 368 A.2d 172 (1976). Nowhere in the wrongful death statute is the surviving spouse given a right of action for loss of consortium. Since "death and its direct consequences can constitute recoverable elements of damage only if . . . they are made so by statute"; *Foran* v. *Carangelo,* supra, 359; and no recovery is provided for loss of consortium by this statute, no such claim may be made for loss of consortium from the moment of the injured spouse's death.

*Hopson,* however, allowed a claim for loss of consortium for a spouse whose injured partner did not die. Taken together, *Hopson* and the statute appear to permit a claim for antemortem loss of consortium, but no claim for postmortem loss of consortium. In the present case, because the plaintiffs' son was stillborn, they cannot recover for antemortem loss of consortium.

The present plaintiffs may not recover for the consortium of their stillborn son. "Case law appears overwhelmingly to support the view that a parent may not recover, from a third-party tortfeasor, as an element of damages for injury to his child, for loss of the child's society and companionship attributable to the injury. However, in a few cases the court has expressly held or recognized that such losses are recoverable." Annot. 69 A.L.R.3d 553, 555; see also 27 Am. Jur. 2d, Proof of Facts, pp. 393–430.

The plaintiffs urge this court to expand upon the rule of *Hopson* by allowing a parent to recover for the consortium of his child. "The term 'consortium' is usually defined as encompassing the services of the wife, the financial support of the husband, and the variety of intangible relations which exist between spouses living together in marriage. These intangible elements are generally described in terms of 'affection, society, companionship and sexual relations.' " *Hopson* v. *St. Mary's Hospital,* supra, 487. It does not appear that the *Hopson* decision, which concerned the spousal relationship, was intended to expand the right to recover for negligent interference with the parent-child relationship. "The courts denying recovery to a parent for loss of filial consortium generally cite precedent, and explain that the law has always been solicitous of the husband and wife relationship to a greater extent than of the parent and child relationship." 27 Am. Jur. 2d, Proof of Facts, pp. 393, 405–406. See *Butler* v. *Chrestman,* 264 So. 2d 812 (Miss. 1972); *Brennan* v. *Biber,* 93 N.J. Super. 351, 225 A.2d 742 (1966), aff'd, 99 N.J. Super. 247, 239 A.2d 261 (1968); *Beyer* v. *Murray,* 33 App. Div. 2d 246, 306 N.Y.S.2d 619 (1970).

Although Connecticut has not yet addressed this precise issue, it appears that it would follow the majority of jurisdictions in denying recovery of a parent's loss of an injured or deceased child's society, love, aid and companionship. Where the children of a deceased parent have attempted to recover for loss of their parent's care and affection, recovery has been denied. In *Foran* v. *Carangelo,* supra, 361, the Supreme Court stated: "The minor plaintiffs point out that they are not seeking recovery for damage sustained by the decedent herself or by her estate, whether for wrongful death or otherwise, but on the contrary are seeking recovery for damage sustained by themselves alone. They agree

that the wrongful death statute is wholly inapplicable to their claim. The weakness in their position is that the only elements of damage which they allege directly flowed from the loss of their mother's care and affection because of her death, and they have not brought themselves within the terms of any statute authorizing a recovery of such postmortem elements of damage. Consequently the minor plaintiffs have stated no valid cause of action on their own behalf."

In *Hinde* v. *Butler,* 35 Conn. Sup. 292, 296, 408 A.2d 668 (1979), the court held that consortium is an element of the marital relationship which cannot be extended to the children of the marriage. This court concludes that as a child cannot recover for lost consortium of the parents, neither can parents recover for the lost consortium of their child.

For the reasons stated, the motion to strike counts nine and twelve is granted and the objection to the motion is overruled.