[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE MOTION FOR PARTIAL SUMMARY JUDGMENT BY DEFENDANTS ROBERT MALDONADO AND LAIDLAW TRANSIT (F.K.A. BEEBE BUS CO.)
This multiple party case arises from a motor vehicle striking a 15 year old child as he got off the school bus. The defendant driver of the bus and the defendant bus company have moved for summary judgment on certain claims of the child's parents. Specifically, their motion involves the following claims.
 A. "As a result of witnessing the injuries sustained by his son, the plaintiff, Joseph Cocca, has suffered and will continue to suffer extreme emotional distress." (This allegation appears in paragraph 13 of the fifth count, father vs. bus driver and in paragraph 12 of the eighth count, father vs. bus company.)
 B. "As a result of witnessing the injuries sustained by her son within seconds of impact, the plaintiff, Patricia Cocca, has suffered and will continue to suffer extreme emotional distress." (This allegation appears in paragraph 13 of the sixth count, mother vs. bus driver and in paragraph 12 of the ninth count, mother vs. bus company.)
C. "AS a further result of the injuries sustained by CT Page 689 [his] [her] son, the plaintiff [Joseph Cocca] [Patricia Cocca] has been deprived of the society, companionship, affection and the like with [his] [her] son." (This allegation appears in paragraph 15 of the fifth count, father vs. bus driver, in paragraph 14 of the eighth count, father vs. bus company and in paragraph 15 of the sixth count, mother vs. bus driver and in paragraph 14 of the ninth count, mother v. bus company.)
Earlier, in response to the movants' request for admissions, the parents admitted that neither of them saw the vehicle operated by the defendant Ramadan Pocesta strike their son. According to the movants, these admissions mean that allegations A and B above do not provide grounds for recovery under Connecticut law. The movants also contend that allegation C above is a claim for the loss of filial consortium also a noncompensable item.
 I.
A summary judgment may be granted if the pleadings and other proof show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Catz v. Rubenstein, 201 Conn. 39, 48 (1986). A material fact is a fact that will make a difference in the result of a case. Craftsmen, Inc. v. Young, 18 Conn. App. 463, 465 (1989). The summary judgment procedure is unable, as in this case, against only part of a claim.[1] Practice Book Section 386.
Simply stated, the movants' position with respect to allegations A and B is that having admitted that they did not see their son struck, neither parent is entitled, as a matter of law to claim emotional distress. This contention requires a review of three Connecticut decisions, Strazza v. McKittrick, 146 Conn. 714
(959); Amodio v. Cunningham, 182 Conn. 80 (1980) and Maloney v. Conroy, 208 Conn. 392 (1988).
In Strazza v. McKittrick, supra a truck was driven against the porch of the plaintiff's house. The plaintiff who was inside became frightened for the well-being of her young son who she thought was on the porch. The Supreme Court, at pages 718-19, held that although the plaintiff, being in the zone of danger, could recover damages for the fright that was caused by fear of injury to herself, she could not recover for injuries caused by fear of threatened harm to a third person.
Amodio v. Cunningham, supra was a medical malpractice case in which the plaintiff sought to recover for her physical, mental and emotional harm caused by witnessing the death of her daughter which she claimed resulted from the defendant's failure to CT Page 690 diagnose and properly treat the child's disease. In Amodio, the Supreme Court mentioned, but held inapplicable on the facts, the California decision of Dillon v. Legg, 68 Cal.2d 728, 441 P.2d 912
(1968). Dillon recognized a cause of action in favor of a bystander to the negligently caused injury of another if the following three conditions were satisfied: (1) The bystander was located near the scene of the accident; (2) The shock resulted from a direct emotional impact upon the bystander from the sensory and contemporaneous observance of the accident and (3) the bystander and the victim were closely related.
Maloney v. Conroy, supra, was also a medical malpractice case where a daughter sought damages for an emotional disturbance alleged to have resulted from the defendants malpractice in treating her mother. In affirming a partial judgment against the plaintiff, the Supreme Court, at page 387, noted its disinclination to follow the lead of the California courts and allow a recovery for malpractice upon another person that a bystander may have observed. As precedential authority, however, Maloney is weakened by its context. The court also said "[w]hatever may be the situation in other contexts where bystander emotional claims arise, we are convinced that, with respect to such claims arising from malpractice on another person, we should return to the position we articulated in Strazza (p. 719) that `there can be no recovery for nervous shock and mental anguish caused by the sight of injury or threatened harm to another.'" Maloney v. Conroy supra at 422.
To the movant's assertion that no cause of action arises from the emotional distress incurred from their son's injury, the parents, particularly the mother, invoke 2 Restatement (Second) Torts Section 436. Their reliance upon the Restatement is misplaced. For derivative injury claims, the Restatement section applies only where bodily harm to another results from shock or fright at harm or peril to a member of one's immediate family occurring in one's presence. 2 Restatement (Second) torts Section 436(3).
Moreover, the parents fail to appreciate the types of injury envisioned by Dillon v. Legg, supra and the Restatement rule. Under Dillon, an allegation of emotional distress is sufficient assuming compliance with the criteria set by that case. Under the Restatement rule, however, bodily harm is necessary although the bodily harm can result solely from the internal operation of fright. 2 Restatement (Second) Torts Section 436 comment a., Section 436A comment a. In this regard, the mother's pleadings are that she was informed of the collision involving her son within seconds after its occurrence, that she immediately ran over to see him as he lay on the ground and that she sustained extreme emotional distress from seeing the effects of the injuries upon CT Page 691 him. Noticeably absent from the pleadings of either parent is any reference to physiological distress. See Maloney v. Conroy, supra at 400 n. 3.
Following Maloney v. Conroy, there have been conflicting trial court decisions on third party mental anguish claims in situations other than medical malpractice. 64 Conn. B.J. 134, 146-47 (1990).[2] Trial judges have refused to strike such claims upon application of the criteria of Dillon v. Legg, supra. McCarthy, PPA v. Widdows, 14 CLT 39 (1988); Kearney v. Industries, Inc., 708 F. Sup. 479, 482-83 (D. Conn. 1989). In this case, however, neither parent observed the accident and the Dillon criteria cannot be satisfied. With respect to allegations A and B, a summary judgment is proper. Strazza v. McKittrick, supra at 719.
 II.
A cause of action for the loss of consortium was recognized in this state by the Supreme Court in Hopkins v. St. Mary's Hospital, 176 Conn. 485 (1979). Consortium was defined as "encompassing the services of the wife, the financial support of the husband and the variety of intangible relations, relations which exist between spouses living together in marriage." Although no appellate court has yet squarely addressed the issue of whether, under any circumstances, there could be a cause of action based on filial consortium, Mahoney v. Lensink, 17 Conn. App. 130,141 n. 3 (1988), the spousal nature of consortium has recently been emphasized in Champagne v. Raybestos-Manhattan, Inc., 212 Conn. 509, 553 (1989). Further, there are two Superior Court cases that hold that "consortium is an element of a marital relationship and cannot be extended to the children of the marriage." Hinde v. Butler, 35 Conn. Sup. 292, 296 (1979); Shattuck v. Gulliver, 40 Conn. Sup. 95, 100 (1984).
The parents do not dispute any of the cited authority. Their claim is that a rule permitting a cause of action for the loss of filial consortium would provide a better rule of law. Under the circumstances, the court believes that a summary judgment with respect to allegation C. is also proper.
 III.
The motion for a partial summary judgment by the defendants Robert Maldonado and Laidlaw Transit (f.k.a. Beebe Bus Co.) is granted. The effect of this decision will be to remove from the fifth, sixth, eighth and ninth counts the allegations pertaining to emotional distress and loss of consortium that have been ruled upon herein. CT Page 692
BARNETT, J.