The plaintiffs make the following allegations in their complaint. Andrew O'Hazo was driving his car when he was struck from behind by an oil truck operated by defendant Sousa. As a result of this collision, O'Hazo suffered serious injuries. The fifth count asserts a claim for loss of consortium by O'Hazo's two minor children. The sixth count also asserts a claim for loss of consortium by the two minor children, but is grounded in recklessness as opposed to negligence.
The defendants move to strike the fifth and sixth counts on the ground that Connecticut does not recognize an action for loss of parental consortium and the counts therefore do not state a cause of action. The plaintiffs object to the motion, arguing that Connecticut should recognize such a cause of action and two courts have recently done so.
No appellate authority in Connecticut has yet addressed the validity of a claim for loss of parental consortium. The court in Mahoney v. Lensink, 17 Conn. App. 130 (1988), stated that the "right to consortium is said to arise out of the civil contract of marriage and as such, does not extend to the parent-child relationship." Id., 141. That case, however, involved a claim under the wrongful death statute and the court noted that no "appellate court has yet addressed squarely the issue of whether, under any circumstances, a cause of action" might be for loss of parental consortium. Id. n. 7.
Nevertheless, the appellate courts, in discussing loss of consortium claims, have repeatedly emphasized the marriage relationship. In Gurliacci v. Mayer, 218 Conn. 531 (1991), the court rejected the plaintiff's loss of consortium claim grounded in an injury suffered by his wife while they were cohabitating, but several months before their marriage. Id., 561. The court held that "consortium" is defined as "encompassing the services of the wife, the financial support of the husband, and the variety of intangible relations which exist between spouses together in marriage." Id., 562. (Emphasis in original.) And in Hopson v. St. Mary's Hospital, 176 Conn. 485 (1979), which first recognized a cause of action for loss of consortium, the court noted that one of the intangible elements in consortium is "sexual relations." Id., 487. These definitions of "consortium" make the phrase "parental consortium" oxymoronic. CT Page 5612
Moreover, except for two reported cases, all Connecticut courts which have addressed this issue have ruled that a consortium claim brought by minor children for injury to a parent is subject to being struck. See e.g. Clark v. Romeo, 561 F. Sup. 1209
(D.Conn. 1983); Michaud v. St. Mary's Hospital, [6 CSCR 821]4 Conn. L. Rptr. 577 (August 21, 1991) (Byrne, J.); Seger v. Dunne, 3 CSCR 233 (January 22, 1988 [Hennessey, J.]); Shattuck v. Gulliver, 40 Conn. Sup. 95, 100 (Pickett, J. 1984) (no claim for loss of fileal consortium because "as a child cannot recover for lost consortium of the parents, neither can parents recover for the lost consortium of their child." Hinde v. Butler,35 Conn. Sup. 292 [Super. Ct. 1979]).
Kizina v. Minier, 5 Conn. L. Rptr. 481 (January 24, 1991, [Santos, J.]) and Henderson v. Micciche, [7 CSCR 583]6 Conn. L. Rptr. 317 (May 1, 1992, [Murray, J.]), hold that a claim for loss of parental consortium does exist. Although Kizina and Henderson are reasoned, this court follows the majority of Connecticut courts, as well as higher court pronouncements on the importance of a marriage relationship for consortium claims, and disallows a claim for loss of parental consortium. Accordingly, defendants' motion to strike the fifth and sixth counts is granted.