[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFFS' MOTION TO CITE IN ADDITIONAL PARTIES
This is a negligence action in which plaintiff Joanne Reardon seeks to recover damages from the defendants for injuries suffered by her as a result of an automobile accident and plaintiff Paul Reardon seeks to recover damages for loss of consortium of plaintiff Joanne Reardon.
The plaintiffs have filed a motion to cite in additional plaintiffs. The plaintiffs seek to cite in their two minor children, Meghan Reardon and Sean N. Reardon, as parties plaintiffs for the loss of consortium of their; mother, plaintiff Joanne Reardon.
"Any court, . . .upon motion, may cite in a new party or parties to any action pending before the court. . ." General Statutes 52-103. It is within the trial court's discretion to allow the addition of a party to pending legal proceedings. Lattieri v. American Savings Bank, 182 Conn. 1,13 (1980).
Connecticut has recognized loss of consortium claims in a spousal context. Hopson v. St. Mary's Hospital,176 Conn. 485, 493 (1979). In defining loss of consortium, it has often been stated that such a claim arises out of the civil contract of marriage. Id. at 487.
Although no appellate court in Connecticut has specifically addressed the loss of parental consortium, it has been suggested that since a loss of consortium claim arises out of the civil contract of marriage, such cause of CT Page 8113 action cannot be extended to a child-parent relationship. Mahoney v. Lensink, 17 Conn. App. 130, 141 (1988), rev'd on other grounds, 213 Conn. 548 (1990).
In support of their motion, the plaintiffs cite two recent Superior Court decisions finding that a claim for loss of parental consortium does exist. Kizina v. Minier,5 Conn. L. Rptr. 481 (February 17, 1991, Santos, J.); Henderson v. Micciche, 6 Conn. L. Rptr. 317 (May 18, 1992, Murray, J.). However, other trial courts have found that a claim for loss of parental consortium does not exist. Shattuck v. Gulliver, 40 Conn. Sup. 95, 99 (1984); O'Hazo v. Sousa,7 Conn. L. Rptr. 62 (August 3, 1992, Langenbach, J.); Livingston v. Avery Center Obstetrics and Gynecology, 1 Conn. L. Rptr 464 (April 9, 1990, Meadow J.).
In Connecticut the touchstone for loss of consortium is the civil contract of marriage and, until an appellate court extends consortium to a child-parent relationship, this court is constrained not to do so.
Accordingly, the plaintiffs' motion to cite in additional parties is denied.
HENDEL, J.