[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE THIRD AND SIXTH COUNTS OF SUBSTITUTE COMPLAINT
This is an action by a minor, brought through his mother, claiming damages for personal injuries arising out of an automobile accident.
The third and sixth counts are claims by the mother in her own right based on the loss of her son's consortium as a result of the accident (sometimes referred to as "filial consortium").
We are not aware of any authority in Connecticut sustaining a claim for loss of filial consortium and at least one superior court decision has squarely denied the validity of such a claim. Shattuck v. Gulliver, 40 Conn. Sup. 95
(1984, Pickett, J.).
There are at least two superior court decisions which have permitted loss of consortium claims by a child based on injuries to the parent. Henderson v. Micciche, 6 CTLR 317 (May 1, 1992, Murray, J.) and Kizina v. Minier, 5 CTLR 481 (January 24, 1992), Santos, J.). On the other hand such a claim by a child for loss of parental consortium has been ruled invalid in at least three superior court decisions. Reardon v. Middlesex Hospital, 7 CTLR 299 August 27, 1992, Hendel, J.; O'Hazo v. Sousa, 7 CTLR 62 (July 18, 1992), Langenbach, J.); Michaud v. St. Mary's Hospital,4 Conn. L. Rptr. 422 (August 21, 1991, Byrne, J.).
Judicial expansion of existing law to permit a cause of action for loss of filial consortium, in a non-bystander situation would open the door to uncounted varieties of claims involving adopted children, foster children, step-children and even siblings. We believe that the decision to open such a door and to control the extent of such opening should be made by the legislature.
Since no present authority exists in Connecticut for the CT Page 2490 claim of loss of filial consortium asserted in this case, the motion to strike the third and sixth counts of the substitute complaint is granted.
Wagner, J.