[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, Sandra M. McGowan as administratrix of the Estate of Edmond P. McGowan, individually and as next friend of Edmond P. McGowan, III, filed an eight-count complaint on August 13, 1993. The Metropolitan Property and Casualty Insurance Company and Nationwide Mutual Insurance Company are named as defendants. The plaintiff alleges in her complaint that the plaintiff's decedent sustained bodily injuries resulting is his death when he was struck by a vehicle owned and operated by William D. Calovis. The relevant count for purposes of this motion is count eight which is against Nationwide Insurance Company. In count eight, the plaintiff, as next friend of Edmond P. McGowan, III, the son of the plaintiff's decedent, seeks damages for loss of consortium.
On September 27, 1993, the defendant Nationwide Mutual Insurance Company filed a motion to strike the seventh and eighth count of the plaintiff's complaint on the ground that Connecticut does not recognize loss of parental consortium as a cause of action. The defendant filed an amended motion to strike on October 22, 1993 seeking to strike only the eighth count as the seventh count is against another defendant.
The plaintiff filed an objection to the defendant's motion on November 1, 1993.
DISCUSSION
A motion to strike is a means by which to challenge the sufficiency of the pleading. Mingachos v. CBS, Inc.,196 Conn. 91, 109, 491 A.2d 368 (1985).
Connecticut recognizes a cause of action for loss of consortium between spouses. Hopson v. St. Mary's Hospital,176 Conn. 483, 408 A.2d 260 (1979). In Hopson, supra, the court defined consortium as encompassing a "variety of intangible CT Page 10234 relations which exist between spouses living together in marriage." Id., 487, quoting Prosser, Torts (4th Ed. 1971) pp. 881-82. These intangible elements are those, "which are legally recognizable, protected rights arising out of the civil contract of marriage." (Citations omitted.) Hopson v. St. Mary's Hospital, supra, 487.
No appellate court of this state has addressed the issue of loss of parental consortium. Mahoney v. Lensink,17 Conn. App. 130, 141 n. 7, 550 A.2d 1088 (1980). There is a split of authority in the superior courts regarding this issue. The majority of superior courts that have addressed this issue have ruled that a claim for loss of parental consortium does not exist. Taylor v. McKenna, Superior Court Docket No. 524349, judicial district of New London at New London (Teller, J., January 5, 1993); Prete v. Laudano, Superior Court Docket No. 37966, judicial district of New Haven at New Haven (January 25, 1993, Thompson, J.); O'Hazo v. Sousa, 7 Conn. L. Rptr. 62
(August 3, 1992 Lagenbach, J.); Michaud v. St. Mary's Hospital, 4 Conn. L Rptr. 577 (September 9, 1991, Bryne J.); Livingston v. Avery Center Obstetrics and Gynecology, 1 Conn. L. Rptr. 464
(April 9, 1990, Meadow, J.); Shattuck v. Gulliver., 40 Conn. Sup. 95,99, 481 A.2d 1110 (1984). But See Beckwith v. Akus,8 CSCR 364 (March 15, 1993, Hurley, J.); Henderson v. Micciche,6 Conn. L. Rptr. 317 (May 1, 1992, Murray, J.); Kinzia v. Minier,5 Conn. L. Rptr. 481 (February 17, 1991, Santos, J.).
Because the cause of action for loss of spousal consortium arises out of the marriage contract, the decisions which hold that loss of parental consortium is not a recognizable claim are the better reasoned. The defendant Nation Wide Insurance Company's motion to strike count eight of the plaintiff's complaint is granted.
Austin, J. CT Page 10235