[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#106)
The defendants move to strike the second and fourth counts of the plaintiffs' complaint. The Administratrix of the Estate of Michael Mills (the "decedent") and his father and mother bring this action to recover damages arising out of fatal injuries incurred when the decedent was riding on an amusement ride at Lake Quassapaug Amusement Park. The second and fourth counts of the complaint relate to the claims of mother, the plaintiff JoAnn DeBarros (second count), and the father, the plaintiff Michael A. Mills, Sr. (fourth count), claiming damages for loss of filial consortium. The defendant seeks to strike these counts, claiming that no cause of action exists for filial consortium. This court agrees.
In Hopson v. St. Mary's Hospital, 176 Conn. 485, 493,408 A.2d 260 (1979), the case that reinstated the cause of action for loss of consortium, the court defined consortium as "intangible relations which exist between spouses living together in marriage." Supra, 487. Consortium arises out of a marriage relationship. Our Supreme Court has denied a fiance's claim for a loss of consortium with his injured fiancee, with CT Page 5745 whom he co-habitated, since the parties were not married at the time of the alleged accident. Gurliacci v. Mayer, 218 Conn. 531,563.
Although there is no appellate decisions in Connecticut which would allow parents to claim loss of consortium from their children, as the claim here, or children to claim loss of consortium from their parents, there are a number of superior court and district court cases denying these claims. See Clarkv. Romeo, 561 F. Sup. 1209(d) Conn. (1983); Michaud v. St.Mary's Hospital, 4 Conn. L. Rptr. No. 17, 577 (September 9, 1991) (Byrne, J.); Shattuck v. Gulliver, 40 Conn. Sup. 95, 100
(1984), all denying claims brought by children for loss of consortium with their parents. Similarly, our superior court has dealt with the issue presented in this case in Shattuck v.Gulliver, 40 Conn. Sup. 95, when Judge Pickett stated:
 In Hyde v. Butler, 35 Conn. Sup. 292, 296, 408 A.2d 668 (1979), the court held that consortium is an element of the marital relationship which cannot be extended to the children of the marriage. This court concludes that as a child cannot recover for loss of consortium with the parents, neither can parents recover for the lost consortium of their child.
Supra, page 100.
This court agrees that consortium arises out of the marriage contract and therefore there cannot be any claim made by a parent for the loss of consortium from a child. For this reason and the reasons stated above, this court will strike counts two and four of the complaint.
/s/ Pellegrino, J. PELLEGRINO