Won Joo HYUN, PPA, Sook Hi Kim
and Sook Hi Kim, Plaintiffs,

v.

SOUTH KENT SCHOOL, Defendant.

Civil No. 3:95CV02235(AHN).

United States District Court,
D. Connecticut.

March 18, 1996.

Sung–Ho Hwang, New Haven, CT, for plaintiffs.

David T. Ryan, Louise Van Dyck, Robinson & Cole, Hartford, CT, for defendant.

NEVAS, District Judge.

After review and absent objection, the Magistrate Judge's Recommended Ruling is approved, adopted and ratified.

SO ORDERED.

### RECOMMENDED RULING ON MOTION TO DISMISS

SMITH, United States Magistrate Judge.

This an action in which the minor plaintiff, Won Joo Hyun ("Hyun"), and the plaintiff, Sook Hi Kim ("Hi Kim"), as parent on behalf of the minor plaintiff and on her own behalf, seek damages for negligence, breach of contract, recklessness and violation of CUTPA. The plaintiffs allege that the defendant, South Kent School ("South Kent"), wrongfully allowed the minor plaintiff, Hyun, to be physically and sexually abused while he was living at and attending South Kent. The defendant has filed a motion to dismiss the plaintiffs' claims based upon loss of consortium for failure to state a claim under Connecticut law. For the following reasons, the defendant's motion to dismiss should be **GRANTED.**

### FACTS

After examination of the complaint and the memoranda filed in connection with the instant motion, and for purposes of this motion to dismiss, the following material facts are undisputed. The minor plaintiff, Hyun, is a citizen of the Republic of Korea and is currently an alien residing in Williston Park, New York. The guardian plaintiff, Hi Kim, is currently a resident in Seoul Korea. The defendant, South Kent School, is located in South Kent, Connecticut.

On December 1, 1994, the minor plaintiff, Hyun, was a student and full-time resident of the defendant school. In the complaint, the plaintiffs allege that on December 1, 1994, and on different occasions thereafter, the minor plaintiff was the subject of repeated physical and sexual abuse by his roommates. Allegedly as a result of said abuse, on January 21, 1995, the minor plaintiff, Hyun, was forced to leave the defendant school.

In their four count complaint,[1] the plaintiffs allege negligence, breach of contract, recklessness and violation of CUTPA. The minor plaintiff alleges that as a result of the foregoing abuse, he has suffered "severe mental and psychological trauma, severe emotional distress and disturbance ... impaired family relationships and schooling and is unable to carry on and enjoy life's activities and relationships." The plaintiff, Hi Kim, alleges that she has suffered a loss of consortium and companionship with her son. The plaintiffs have also incurred expenses for medical care.

On December 15, 1995, the defendant filed the within motion to dismiss the plaintiffs' claims for loss of filial and parental consortium, arguing that no such claims exist under Connecticut law.

## STANDARD

■ A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) "merely ... assess[es] the legal feasibility of the complaint, [it does] not ... assay the weight of the evidence which might be offered in support thereof." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.,* 748 F.2d 774, 779 (2d Cir. 1984). In deciding a motion to dismiss "the court 'must accept the material facts alleged in the complaint as true,'" *Staron v. McDonalds Corp., et al.,* 51 F.3d 353, 355 (2d Cir.1995) (citing *Cohen v. Koenig,* 25 F.3d 1168, 1172 (2d Cir.1994)), and draw all reasonable inferences in favor of the pleader.

*Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The court must determine whether the plaintiff has stated a claim upon which relief may be granted. *Fischman v. Blue Cross Blue Shield,* 755 F.Supp. 528 (D.Conn.1990). Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Frasier v. General Elec. Co.,* 930 F.2d 1004, 1007 (2d Cir.1991).

## DISCUSSION

■ The defendant argues that the plaintiffs' claims based upon a loss of filial and parental consortium[2] should be dismissed because Connecticut law does not provide relief for such claims. The plaintiffs respond that their claims for loss of parent-child companionship are proper as "the growing trend" in Connecticut is to recognize such claims.

### I. *Choice of Law*

■ The parties do not dispute the applicability of Connecticut law to the plaintiff's claims. A court of the United States sitting in diversity must look to the law of the forum state to determine the rules governing choice of law. *See Klaxon Co. v. Stentor Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941). With respect to choice of law analysis, "[t]he Connecticut Supreme Court 'has traditionally adhered to the doctrine that the substantive rights and obligations arising out of a tort controversy are determined by the place of injury, or lex loci delicti.'" *Banks v. St. Paul Fire & Marine,* 1995WL731757 (Conn.Super. Nov. 17, 1995) (quoting *O'Connor v. O'Connor,* 201 Conn. 632, 637, 519 A.2d 13 (1986)); *see also Baxter v. Sturm, Ruger & Co., Inc.,* 827 F.Supp. 96 (D.Conn.1993). In the instant case, the al-

---

1. Although the final count of the complaint is described as "Count Five," the complaint lists only four counts.

2. A claim for loss of filial consortium is a claim brought by a parent for the loss of his or her child's society and companionship. A claim for loss of parental consortium, on the other hand, is a claim filed by a child for loss of his or her parent's companionship and affection. *See Ammerman v. Johnson,* 1995 WL 643160, *1 (Conn.Super. Oct. 24, 1995).

leged injury occurred at the defendant school in South Kent, Connecticut and, therefore, Connecticut law applies.

## II. *Claims for Loss of Filial and Parental Consortium*

■ Prior to 1979, Connecticut courts did not recognize a claim for loss of consortium, whether marital or parent-child. *See Marri v. Stamford Street R. Co.,* 84 Conn. 9, 78 A. 582 (1911). In 1979, however, the Connecticut Supreme Court reversed its decision in *Marri* and recognized a claim for loss of spousal consortium. *Hopson v. St. Mary's Hospital,* 176 Conn. 485, 408 A.2d 260 (1979). " 'No appellate court case has yet addressed squarely the issue of whether, under any circumstances, a cause of action for the loss of filial consortium lies.' " *Ammerman v. Johnson,* 1995 WL 643160 (Conn.Super. Oct. 24, 1995) (quoting *Mahoney v. Lensink,* 17 Conn.App. 130, 550 A.2d 1088, 1094 (1988)). Therefore, this court must "apply what it finds 'to be the state law after giving 'proper regard' to relevant rulings of other courts of the state.' " *Clark v. Romeo,* 561 F.Supp. 1209, 1210 (D.Conn.1983) (quoting *Commissioner v. Estate of Bosch,* 387 U.S. 456, 465, 87 S.Ct. 1776, 1783, 18 L.Ed.2d 886 (1967)). There is a split of authority in the Superior Courts on the issue.

In *Hopson,* the Supreme Court analyzed the history and development of the cause of action for loss of consortium and noted that it arose "in the context of suits by the husband for damages stemming from interference with the marital relationship." *Hopson,* 176 Conn. at 487, 408 A.2d 260. The Court also noted that consortium was traditionally defined as the "constellation of companionship, dependence, reliance, affection, sharing and aid arising out of the civil contract of marriage." *Id.* (citing *Brown v. Kistleman,* 177 Ind. 692, 98 N.E. 631 (1912)). Further, one superior court has recently recognized that with respect to a claim for loss of parent-

child consortium, both the Supreme and Appellate Courts have "indicated, in dicta, that no such cause of action exists." *Sabol v. Hallock,* 1996 WL 40944 (Conn.Super. Jan. 17, 1996). The *Sabol* court cited *Mahoney,* in which the Connecticut Appellate Court stated, in dicta, that " '[t]he right to consortium is said to arise out of the civil contract of marriage and as such, does not extend to the parent-child relationship.' " *Sabol,* 1996 WL 40944 at *1 (quoting *Mahoney,* 550 A.2d at 1094).[3]

■ The courts of this district have repeatedly stated that there is no right to relief for loss of filial or parental consortium. *Nardini v. Callahan,* Civil No. 3:94CV00717(AVC) Slip Op. at 9 (D.Conn. September 29, 1994) (no claim for loss of parental consortium under Connecticut law); *Cummings v. Loumeau,* Civil No. B–88–258(WWE) Slip Op. at 3 (D.Conn. September 29, 1988) (no claim for loss of filial consortium); *Cimino v. Yale University,* 638 F.Supp. 952, 955 (D.Conn.1986) (no claim for loss of either filial or parental consortium); *Thurman v. City of Torrington,* Civil No. H–84–120(MJB) Slip Op. at 4 (D.Conn. January 2, 1985) (no claim for loss of parental consortium); *Clark,* 561 F.Supp. at 1211 (no claim for loss of parental consortium). In *Clark,* Judge Zampano stated that, "[i]t is clear that the Connecticut Supreme Court in *Hopson* limited its consortium ruling to the marriage relationship." *Id.* at 1210 (citing *Hopson,* 176 Conn. at 487, 408 A.2d 260). Similarly, in *Cimino,* Judge Dorsey recognized that " 'consortium is an element of a marital relationship and cannot be extended to the children of the marriage.' " *Cimino,* 638 F.Supp. at 955 (quoting *Hinde v. Butler,* 35 Conn.Supp. 292, 408 A.2d 668 (1979)).

Neither the Connecticut Supreme Court nor the legislature has ever recognized a cause of action for loss of filial or parental consortium.[4] Further, "[t]he majority of jur-

---

**3.** The *Sabol* court also noted that in *Hopson,* the Connecticut Supreme Court recognized that consortium encompasses rights which arise "out of the contract of marriage.' " *Id.* at *1 (quoting *Hopson,* 176 Conn. at 493, 408 A.2d 260).

**4.** The superior courts are split on the issue, but "a majority of the judges of the Superior Court

have held that parents cannot recover for the lost consortium of their child." *Tyrrell v. Cassell,* Civil No. 930304981S, 1995 WL 94686 (Conn.Super. February 27, 1995) (citing *Olkowski v. Dew,* 9 CSCR 719, 1994 WL 271538 (1994) (Hennessey, J.); *Paradfiso v. Nasinka,* 11 Conn. L.Rptr. 53 (1994) (Gray, J.); *Finley v. Masiello*

isdictions, including Connecticut, have held to 'the view that a parent may not recover, from a third-party tortfeasor, as an element of damages for injury to his child, for loss of the child's society and companionship attributable to the injury.'" *Cimino,* 638 F.Supp. at 956 (quoting Annot., 69 A.L.R.3d 553, 555 (1976)); *see also Yame–She Broadnax v. Ali,* 1995 WL 569453 (Conn.Super. Sept. 12, 1995).[5] Although a few of the state trial courts have recognized a claim for filial and/or parental consortium,[6] the relevant case law indicates that it is not a cognizable claim under Connecticut law. Consequently, the defendant's motion to dismiss the plaintiffs' claims based on loss of filial and parental consortium should be **GRANTED.**

### CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss (**document no. 8**) should be **GRANTED.**

Either party may seek review of this report and recommendation as provided in 28 U.S.C. § 636(b) (stating that written objections to a recommended ruling must be filed within ten days of service of the same); Fed. R.Civ.P. 6(a), 6(e), & 72; and Rule 2 of the Local Rules for United States Magistrate Judges (D.Conn.). Failure to object in a timely manner may preclude further review. *Small v. Secretary of Health and Human Services.,* 892 F.2d 15, 16 (2d Cir.1989).

Dated at Hartford, Connecticut this 23rd day of February, 1996.

---

*Bus Co.,* 8 Conn.L.Rptr. 1 (1992) (Rush, J.); *Shattuck v. Gulliver,* 40 Conn.Supp. 95, 481 A.2d 1110 (1984) (Pickett, J.)); *but see Condron v. Pollak,* 10 Conn.L.Rptr. 411 (1994) (Dean, J.); *Sliney v. Denisanko,* 9 Conn.L.Rptr. 537 (1993) (Gordon, J.); *Kizina v. Minier,* 5 Conn.L.Rptr. 481 (1992) (Santos, J.).

**5.** *See also Sliney v. Denisanko,* 1993 WL 307644 at *1 (Conn.Super. August 6, 1993) (noting that of the twenty-nine jurisdictions that have con-

fronted a parent's claim for loss of filial consortium, eighteen have denied the claim); *Kizina v. Minier,* 1992 WL 16942 (Conn.Super.1992) (stating that "[r]ecognition of a parent's action for loss of a child's consortium is still distinctly a minority view").

**6.** *See Condron,* 10 Conn.L.Rptr. at 411; *Sliney,* 9 Conn.L.Rptr. at 537; *Kizina,* 5 Conn.L.Rptr. at 481.