[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #114
On November 28, 1995, the plaintiffs, Theresa and Thomas Finelli, and Daniel Finelli ppa Theresa Finelli, filed a nine count amended complaint against the defendants, Bridgeport Hospital, Ob-Gyn Associates, P.C., and Joseph Cioffi, M.D. The plaintiffs allege in their amended complaint that the defendants undertook the care of Theresa Finelli in the delivery of Daniel Finelli, the delivery was improperly performed, the defendants were negligent and negligently inflicted emotional distress upon Theresa Finelli, and caused Theresa and Thomas Finelli the loss of consortium of Daniel Finelli. In count three of their amended complaint Theresa and Thomas Finelli allege against Bridgeport that as a result of the injuries to Daniel Finelli they have been deprived of consortium with their son, Daniel. Thomas and Theresa Finelli also allege in count three that they have incurred medical expenses for the care and treatment of Daniel Finelli.
On December 13, 1995, Bridgeport Hospital filed a motion to strike count three on the ground that loss of filial consortium is not recognized as a valid cause of action in Connecticut. The plaintiffs filed a memorandum in opposition to Bridgeport CT Page 2696 Hospital's motion to strike on January 19, 1996, to which Bridgeport Hospital filed a memorandum in reply on February 27, 1996.
"The motion to strike . . . replaced the demurrer in our practice. Its function, like that which the demurrer served, is to test the legal sufficiency of a pleading." (Internal quotation marks omitted.) RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 384, 650 A.2d 153 (1994). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations . . . . It does not include, however, the legal conclusions or opinions stated in the complaint . . . ." S.M.S. Textile v.Brown, Jacobson, Tillinghast, Lahan and King, P.C., 32 Conn. App. 786,796, 631 A.2d 340 (1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systemsv. BOC Group, Inc., supra, 224 Conn. 215.
Bridgeport Hospital maintains that the majority of superior courts have declined to recognize a cause of action for loss of filial consortium, both because the concept of consortium arises out of the institution of marriage, and that creating such a cause of action would unduly burden the courts. The plaintiffs contend that the interest of parents in their children is a fundamental constitutional right, and therefore, loss of consortium should be extended to the parent-child relationship. Bridgeport Hospital replies that the Appellate court has clearly stated that loss of consortium arises out of the marital relationship and does not extend to the parent-child relationship. Bridgeport Hospital also notes that the superior court cases cited by the plaintiff's in support of their loss of consortium claim relate to loss of parental consortium, not filial consortium.
The Supreme Court recognized a cause of action for loss of spousal consortium in Hopson v. St. Mary's Hospital, 176 Conn. 485,408 A.2d 260 (1979). The court noted that the term "`consortium' is usually defined as encompassing the services of CT Page 2697 the wife, the financial support of the husband, and the variety of intangible relations which exist between spouses living together in marriage. . . . . These intangible elements are generally described in terms of `affection, society, companionship and sexual relations. . . . These intangibles have also been defined as the `constellation of companionship, dependence, reliance, affection, sharing and aid which are legally recognizable, protected rights arising out of the civil contract of marriage." (Citations omitted.) Id., 487.
The Appellate Court stated that "[t]he right to consortium is said to arise out of the civil contract of marriage and as such, does not extend to the parent-child relationship."Mahoney v. Lensink, 17 Conn. App. 130, 141, 550 A.2d 1088, rev'd on other grounds, 213 Conn. 548, 569 A.2d 518 (1990). However, the court also expressed that no appellate court case had squarely addressed this issue. Id., 141 n. 7.
A few superior courts have recognized a claim for loss of filial consortium. Scalise v. Bristol Hospital, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 525217 (July 6, 1995, Corradino, J.); Condron v. Pollak, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 128731 (November 18, 1993, Dean, J.);Sliney v. Denisanko, Superior Court, judicial district of New Haven at New Haven, Docket No. 334928 (August 6, 1993, Gordon, J.); while the majority of courts have refused such a claim. See Broadnax v. Ali, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 321979 (September 21, 1995, Thim, J.); Casner v. Fine, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 462895 (May 22, 1995, Handy, J.); Mills v. Lake Quassapaug Amusement Park, Superior Court, judicial district of Waterbury, Docket No. 123482 (May 17, 1995, Pellegrino, J.); Kohutka v. Mazzucco, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 142751 (April 18, 1995, Lewis, J.);Urbanski v. Carabetta Enterprises, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 463861 (August 14, 1995, Stengel, J.); Tyrrell v. Cassell, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 304981 (February 27, 1995, Thim, J.); Ayala v.Kochanowsky, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 544317 (January 30, 1995, Allen, S.J.R.).[1] Furthermore, in Paradiso v. Nasinka, Superior Court, judicial district of New Haven at New Haven, Docket No. 320396 CT Page 2698 (January 31, 1994, Gray, J.) the court recognized a child's claim for loss of parental consortium but did not recognize a claim by a parent for loss of a child's consortium.
In Scalise v. Bristol Hospital, supra, the court stated that "[m]ost though not all of the Connecticut cases cited involve claims of loss of parental consortium as opposed to a loss of filial consortium. These claims raise different issues but courts that reject either theory seem to rely on their conclusion that our appellate courts have not recognized these causes of action." The Scalise court followed the decision inSliney v. Denisanko, supra, which noted the interest of a parent in his child is a constitutional right and determined that "[i]t is difficult to rationalize why rights protected by the legal contract of marriage should give rise to a consortium claim while rights (parental) that are constitutional should not." Nevertheless, the majority of courts have declined to recognize a cause of action for loss of filial consortium in light of the strong language expressed in Mahoney v. Lensink, supra, 17 Conn. App. 141, and in the absence of "legislative or appellate authority." Urbanski v. Carabetta Enterprises, supra. Moreover, the court in Shattuck v. Gulliver, supra, 40 Conn. Sup. 99, stated that "`[t]he courts denying recovery to a parent for loss of filial consortium generally cite precedent, and explain that the law has always been solicitous of the husband and wife relationship to a greater extent than of the parent and child relationship.'" The court further noted that "[a]lthough Connecticut has not yet addressed this precise issue, it appears that it would follow the majority of jurisdictions in denying recovery of a parent's loss of an injured or deceased child's society, love, aid and companionship." Accordingly, a cause of action for loss of filial consortium is not recognized in Connecticut. Nevertheless, the plaintiffs have also alleged a legally sufficient claim for medical expenditures made on behalf of their child within count three. See Dzenutis v. Dzenutis,200 Conn. 290, 308, 512 A.2d 130 (1986). If any part of a count states a legally sufficient cause of action, then that count is not subject to a motion to strike. See Farago v. Pfizer, Superior Court, judicial district of New London at New London, Docket No. 524911 (May 18, 1993, Teller, J.); Frank v. Zdanis, Superior Court, judicial district of Waterbury, Docket No. 103904 (October 20, 1992, Blue, J.); Durkin v. First HealthcareCorp., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 350622 (October 18, 1990, Freed, J.). CT Page 2699
Accordingly, although the plaintiff's claim for loss of filial consortium is legally insufficient, the defendant's motion to strike count three is denied.
BALLEN, J.