## CORAL GABLES, INC.
### vs.
## CLAUDE M. BRADFORD

Superior Court      New Haven County      File #39052

Present: Hon. ALFRED C. BALDWIN, Judge.

Beers & Beers,                    Attorneys for the Plaintiff.

Frederick S. Harris,              Attorney for the Defendant.

### MEMORANDUM FILED JANUARY 27, 1936.

BALDWIN, J. This action is for a recovery on a note made by the defendant to Coral Gables Corporation August 7, 1925, in the sum of $3,712.50, payable in consecutive monthly installments commencing October 7, 1925, each installment being $103.12 except the last which was to be

$103.30, the note bearing interest at the rate of seven per cent per annum, payable semi-annually.

Defendant admits execution and delivery of the note as alleged and pleads two special defenses; the first a novation, and, second, the statute of limitation as to certain of the installments.

With the execution of this note defendant also executed a contract for the purchase of a lot of land located in a development at Coral Gables, Florida, paying at that time $1,237.50 in cash, the balance, $3,712.50 to be paid on installments, evidenced by the note in question.

Sometime before November 4, 1925, the defendant agreed to assign his interest in the contract and advised Coral Gables Corporation of the assignment and assumption of the obligations under the contract by one David A. Lederer, and asked Coral Gables Corporation for assignment papers. Coral Gables Corporation sent papers, either to defendant, or to Mr. Lederer. Defendant executed an assignment of the agreement for the deed and Mr. Lederer executed a new contract for the lot and a note for the installment payments which were forwarded to Coral Gables Corporation and thereafter notices of the installment payments due were sent by Coral Gables Corporation to Mr. Lederer and no such notes were sent to defendant.

The tax bills due the City of Coral Gables were sent to Mr. Lederer and under date of October 15, 1931, a notice of intention to institute suit for the foreclosure of the lien for delinquent tax certificates held by the City for the years of 1929, 1930 and 1931, amounting to $99.01 was sent to Mr. Lederer.

The inferences from all of the evidence is reasonable that upon the land records for the City of Coral Gables, this lot stood in the name of Mr. Lederer and that this was caused by the Coral Gables Corporation, which corporation had apparently paid the taxes for the years immediately preceding, since plaintiff seeks to recover in this action $176.53 for taxes it alleges it has paid.

Plaintiff has given credit upon this note for a payment of $412.48. Defendant made no payment other than the payment of $1,237.50 at the time of the execution of the note

and contract. The payment of $412.48 was made by Mr. Lederer who thought he had paid more than that amount. It is credited upon the back of defendant's note as being made February 12, 1926.

Upon the back of the note made by the defendant, and under a blank endorsement of Coral Gables Corporation appears the word "PAYMENTS", and immediately thereunder, lines running down and also across blocking off spaces for entries. In the first series of spaces across the back of the note appears respectively, a word in each space, as follows, "Date". "Interest", "Paid To", "Principal", "Balance". Thereunder are spaces for appropriate entries.

In the first space under the word "Date" and in the first space under the word "Balance" something had been written and then effectively scratched out and then in that space provided for the date, the following figures appear "9/30/27" which were entered with pen and ink and those figures have two pen and ink lines running horizontally through them. Opposite in the space under the word "Balance", where some entry had been scratched out, the figures in pen and ink $3300.02" appear and these figures have two pen and ink lines running horizontally through them.

In the next date space under the date space above referred to, is the following entry, "2/12/26", and in the opposite space under the word "Principal" is the entry $412.48, and in the space under the word "Balance" is the entry "$3300.02", thus purporting to evidence a credit entered February 2, 1926 of $412.48 leaving a balance of $3300.02, and also evidencing that this credit was entered on this note made by the defendant not on the date or about the date of that payment but on or sometime after September 30, 1927.

This credit of $412.48 was a payment made by Mr. Lederer on the note signed by him.

On October 3, 1927, Coral Gables Corporation assigned defendant's contract and this note to Miami Mortgage and Securities Corporation (the note bearing only the blank endorsement of the Coral Gables Corporation and the spaces and figures as hereinbefore noted), and on the same day Miami Mortgage and Securities Corporation assigned the contract and accompanying note to Biscayne Trust Company,

as trustee. On September 20, 1929, this contract and note were duly assigned to Coral Gables, Inc., the plaintiff in this action.

No rights, superior to those of the original payee, are claimed by this plaintiff by reason of being a holder in due course.

In October, 1930, Lederer went into bankruptcy and included in his schedule of liabilities the note he had given to Coral Gables Corporation.

From the execution of the assignment of the contract for the lot by the defendant to Lederer, and the execution of a new contract and note by Lederer to purchase the lot no notice of or communication concerning installments was sent to defendant until March 19, 1927, when he was advised by Coral Gables Corporation by letter of the installments and interest due. This letter included the following:

"Our records indicate that you purchased the property and that we hold your promissory note with duly executed contract for deed."

This was true, but the corporation also held the note and duly executed contract of Lederer for the same lot and it had held these instruments for a period of more than a year during which time it had looked to Lederer and had accepted and treated him as the purchaser of the lot and as the party liable for the obligation to pay therefor under the contract.

There was a substitution of the Lederer contract and note for defendant's contract and note and a substitution of Lederer as the party liable in the place of the defendant and this constituted a novation.

Butts vs. King, 101 Conn. 291, 304, 305, 125 Atl. 654; Riverside Coal Co. vs. American Coal Co., 107 Conn. 40, 44, 45, 139 Atl. 276; Thames Lumber Co. vs. Cruise, 116 Conn. 273, 275, 276, 164, Atl. 652; Murphy vs. Green, 102 Fla. 102, 135 Southern 531.

Judgment may be entered for the defendant.