[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE C.E. LARSON COMPANY, INC.'S MOTION FOR SUMMARY JUDGMENT
The issue before the court in this motion for summary judgment is whether the defendant C.E. Larson Company, Inc.'s motion for summary judgment should be granted on the grounds that the claim is precluded by the exclusivity provision of the Workers' Compensation Act, that a future increased risk of developing an asbestos-related disease is too speculative and that Connecticut law does not recognize a loss of consortium claim brought by a daughter.
Defendant's motion for summary judgment is denied as to the claims brought by the plaintiff laborers as there are genuine issues of material fact to be resolved. On the other hand, summary judgment is granted as to the daughter's claims for loss of filial consortium.
Ten plaintiff laborers, a wife of one of the laborers, and a daughter of one of the laborers, are bringing a fifteen-count amended complaint dated December 8, 1989, against two defendants: C.E. Larson Company, Inc. (Larson), employer of the laborers and The Travelers Insurance Company, Inc. (Travelers), the company that retained Larson as contractor for the planned remodeling and renovation of the "Travelers Tower." CT Page 42
In Count One of the complaint, the plaintiffs allege that prior to February of 1985, the defendants Larson and Travelers entered into a contractual agreement to renovate the "Travelers Tower." The plaintiffs were employed as laborers from approximately February, 1985 to April, 1986, by defendant contractor Larson. According to the plaintiffs, some time during 1985, Travelers and Larson allegedly became aware that the project would require the removal of asbestos. The plaintiffs allege that although the defendants were aware that safety procedures had to be followed in removing the asbestos to safeguard the health and safety of persons doing the removal, the defendants agreed to proceed with the project without utilizing the safety devices and without warning the plaintiffs that they would be exposed to asbestos. Thus, the plaintiffs claim that the defendants deliberately and intentionally caused them to inhale and ingest asbestos fibers and as a result, the plaintiffs have suffered emotional distress and fear of developing lung cancer and other asbestos exposure related diseases. The plaintiffs allege that they have incurred and will continue to incur medical expenses and will be impaired in continuing their occupation as laborers. The defendants, according to the plaintiffs, have deliberately, knowingly and intentionally violated federal regulations embodied in 29 C.F.R. § 1910-1101 et seq.
The second count incorporates the majority of the first count and alleges that the plaintiffs have suffered bodily injury as they now suffer an increased risk of contracting a fatal disease. Count Three and Count Five sound in negligence against Travelers. In Count Four, the plaintiffs allege fraudulent concealment on the part of the defendants. Counts Six, Eight, Ten, Twelve and Fourteen are loss of consortium claims being brought by a wife of one of the plaintiffs and Count Seven, Nine, Eleven, Thirteen and Fifteen are loss of filial consortium claims being brought by a daughter of one of the plaintiffs. In the prayer for relief, the plaintiffs are seeking money damages, future medical expenses, loss of earning capacity, punitive damages and attorneys' fees.
The defendant Larson moves for summary judgment pursuant to Conn. Practice Book 378, et seq., on all counts alleged against it on several grounds: (1) that all of the claims are precluded by the exclusivity provision of the Connecticut Workers' Compensation Act; (2) that Counts Two and Eight fail to allege that the plaintiffs have yet contracted any asbestos-related diseases and Connecticut law does not recognize a claim for future injuries; and (3) that Counts Seven, Nine, Eleven and Thirteen alleging a loss of consortium claim may only be asserted by a spouse and not by a daughter. The defendant has filed a memorandum of law in support of its motion for summary CT Page 43 judgment, but has submitted no affidavits or other appropriate documentation. The plaintiffs have submitted a memorandum in opposition along with excerpts from depositions and answers to interrogatories. The defendant then submitted a reply memorandum.
Summary judgment will be rendered if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Nolan v. Borkowski,206 Conn. 495, 500 (1988); Conn. Practice Book 384. The party moving for summary judgment is held to a strict standard and bears the burden of proving the absence of a dispute as to any material fact. Id. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Connell v. Colwell,214 Conn. 242, 246-47 (1990). The test is whether on the same facts, the party would be entitled to a directed verdict. Id. at 247. The court's function in ruling on the motion is not to decide issues of material fact, but rather to determine whether any such issues exist. Nolan, 206 Conn. at 500.
To support the motion, affidavits and evidence submitted by the moving party must demonstrate that there is no genuine issue of material fact remaining between the parties. Catz v. Rubenstein, 201 Conn. 39, 48 (1986). A material fact is a fact which will make a difference in the result of the case. Id. "[T]he `genuine issue' aspect of summary judgment procedure requires the parties to bring forward before the trial evidentiary facts, or substantial evidence outside the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred." United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 378-79 (1969).
Defendant Larson argues that the exclusivity provision of the Connecticut Workers' Compensation Act, Conn. Gen. Stats.31-284 (hereinafter the Act), precludes the plaintiffs from asserting this claim as it operates as a total bar to actions brought by employees against their employers for job-related injuries. Larson contends that the exception stated in Jett v. Dunlap, 179 Conn. 215, 221 (1979) wherein a plaintiff may pursue common law remedies if an employer engages in wilful or serious misconduct, is not applicable in this case. Furthermore, Larson argues that the plaintiffs cannot prove intentional injury.
In Mingachos v. CBS, Inc., 196 Conn. 91 (1985), the court addressed the issue of whether an employer has immunity from suit under the Act when the employer is sued in intentional tort. Id. at 96. The court stated that "[t]o bypass the exclusivity of the act, the intentional or CT Page 44 deliberate act or conduct alleged must have been designed to cause the injury that resulted." Id. at 102. In Mingachos, each defendant gave his affidavit personally and specifically disavowing any wilful intent to violate any OSHA regulation. Id. at 114. The plaintiff's affidavit was not sufficient to put into dispute the statements of the defendants that each had no intent to injure the plaintiff. Id. Thus, there was no genuine issue of material fact and with the exclusivity of the Act, an issue of law emerged and summary judgment was found to be properly granted. Id.
In Nolan v. Borkowski, 206 Conn. 495 (1988), the defendants submitted affidavits averring that they did no not act wilfully and/or maliciously and that they did not intend to cause the plaintiff harm. Id. at 499. Because the plaintiffs' affidavits failed to raise an issue of material fact to refute the defendants' evidence regarding their intent, the court found that the trial court did not err in granting defendants' motion for summary judgment. Id. at 507.
Generally speaking, where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings, summary judgment is particularly inappropriate. Batick v. Seymour, 186 Conn. 632,646-47 (1982). Because the defendant has failed to submit affidavits or other evidence regarding its lack of intent to deliberately and intentionally cause injury to plaintiff, it has not met its burden of establishing the absence of a genuine issue of material fact. Because the plaintiffs' claims raise an issue of material fact regarding defendant's intention to cause plaintiffs' injuries which may be inferred from the acts and conduct of defendant coupled with the knowledge of the presence of asbestos, the defendant's motion for summary judgment as to Counts One and Four is denied.
As to Count Two in which the plaintiffs are claiming that they have suffered bodily in jury in that they suffer an increased risk of contracting an asbestos-related disease, the defendant is arguing that because there is no present injury, threat of future harm is too speculative and conjectural. In Petriello v. Kalman, 215 Conn. 377 (1990), the court allowed the plaintiff to present testimony regarding her increased susceptibility to a future bowel obstruction resulting from the actions of the defendant physician as evidence of her fear of future disability, that her fear was rational, and that she had a present compensable injury. Whether the plaintiffs in the case at bar have a present compensable injury is a question of fact that is in dispute.
In Counts Seven, Nine, Eleven and Thirteen a daughter of CT Page 45 one of the plaintiffs is bringing claims for loss of consortium based on former counts. A loss of consortium constitutes a viable cause of action on behalf of a spouse whose marital partner has been injured or killed. Champagne v. Raybestos-Manhattan, Inc., 212 Conn. 509, 563 (1989); Hopson v. St. Mary's Hospital, 176 Conn. 485 (1979). "The right to consortium is said to arise out of the civil contract of marriage and as such, does not extend to the parent-child relationship." Mahoney v. Lensink, 17 Conn. App. 130, 141
(1988), modified on other grounds 213 Conn. 573 (1990). See also Seger v. Dunne, 3 CSCR 233 (January 22, 1988, Hennessey, J.) (attached).
Therefore, the defendant's motion for summary judgment as to Counts Seven, Nine, Eleven and Thirteen is granted.
JOSEPH B. CLARK, J.