Theodore CRAFT, Joyce E. Craft, and Joyce E. Craft as guardian and guardian ad litem for Stephanie Craft, Bobbie Ray Craft, and Theodore Charles Craft, Petitioners,

v.

HERMES CONSOLIDATED, INC., a Delaware corporation, Respondent.

No. 90–61.

Supreme Court of Wyoming.

Sept. 14, 1990.

**560**

Daniel M. Hesse of Meyer and Williams, Jackson, for petitioners.

Kathryn A. Jenkins of Law Offices of Stephen H. Kline, Cheyenne, for respondent.

George Santini of Graves, Santini & Villemez, P.C., for amicus curiae Wyoming Trial Lawyers Ass'n.

Before URBIGKIT, C.J., and
THOMAS, CARDINE, MACY and
GOLDEN, JJ.

GOLDEN, Justice.

We are presented with the following certified question from the United States District Court for the District of Wyoming:

> Does Wyoming recognize a claim for relief by minor children of a negligently injured parent for loss of parental consortium?

The question is answered affirmatively by our holding in *Nulle v. Gillette–Campbell County Joint Powers Board*, No. 89–251, slip op. —— P.2d —— (Wyo., Sept. 14, 1990). In *Nulle* this court examined the arguments for and against the recognition of a minor's claim for loss of parental consortium. We were persuaded by the analysis in the decisions that recognize minor children's claims and held the claim is cognizable in Wyoming:

> We hold that minor children have an independent claim for loss of parental consortium resulting from injuries tortiously inflicted on their parent by a third person. We further hold that this independent claim should be joined with the injured parent's claim whenever feasible.

*Nulle*, at ——.

THOMAS, Justice, dissenting.

Consistently with the views that I expressed in *Nulle v. Gillette–Campbell County Joint Powers Fire Board*, —— P.2d —— (Wyo.1990) (No. 89–251, decided September 14, 1990), I would answer the certified question presented in this case in the negative.