[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff administrator instituted the present action to recover damages for personal injuries and death sustained by Holly E. Finley, who was injured while she was in the process of departing from a school bus. In the Fourth, Fifth and Sixth County of the Complaint, the parents of Holly E. Finley seek, in their own names, to recover damages incurred by them as a result of the incident alleged. The defendant has moved to strike the Fourth, Fifth and Sixth Counts on the grounds that the allegations thereby contained fail to set forth recognized causes of action for bystander emotional distress and loss of filial consortium.
With respect to the bystander emotional distress claim, the plaintiff parents allege that they "witnessed Holly E. Finley's injuries as aforesaid" and that they have suffered emotional distress and incurred medical expenses as a result thereof. The complaint does not allege that the plaintiff parents witnessed the incident and they acknowledge, in oral argument and in their brief that they did not witness the incident.
The issue of recovery for bystander emotional distress has been heard by our Supreme Court on three occasions, to wit: Strazza v. McKittrick, 146 Conn. 714 (1959); Amodio v. Cunningham,182 Conn. 80 (1980); and Maloney v. Conroy, 208 Conn. 392 (1988). In Strazza, supra, the court held that a mother could not recover for emotional distress resulting from fear of injury to her child after a truck crashed into the porch on which the mother, who heard the crash from inside the home, had told the child to wait. The court relied upon the view prevailing generally at that time that one could not recover for "injuries occasioned by fear of threatened harm or injury to the person or property of another." See, Maloney, supra at 394-395.
In Strazza supra, the court was not presented with a factual situation in which a direct emotional impact upon the plaintiff resulted from the sensory and contemporaneous observance of the accident. See, Dillon v. Legg, 68 Cal. 2nd. 728, 441 P.2d 912
(1968). Since 1959, when Strazza was decided, there has been considerable litigation concerning recovery for bystander emotional distress which has produced varied resolutions of the issue. See, Annot. 29 A.L.R.3rd 1337 (1970). In Amodio, supra at 87, our Supreme Court noted that a growing number of jurisdictions have recently recognized a cause of action for emotional distress in favor of a bystander. In Amodio and Maloney, supra, our Supreme Court declined to extend bystander emotional distress to malpractice cases, but the court has not indicated that there can be no CT Page 10733 recovery for bystander emotional distress under any factual pattern. The court, therefore, does not feel bound by the decision in Strazza, supra, and interprets Amodio and Maloney as being limited in their application to medical malpractice actions.
Our Supreme Court or Appellate Court may or may not recognize a cause of action for bystander emotional distress and, if recognized, may or may not impose restrictions upon the application of such claims. The decisions of our Superior Court are conflicting as to recovery for bystander emotional distress when the underlying cause of action was not based upon claims of medical malpractice. Accordingly, this court, in the past, has denied Motions to Strike Bystander Emotional Distress claims where the plaintiff was present at the injury producing event. See, e.g., Volosin v. Mark Glassman. Inc., 7 CSCR 956 (July 9, 1992, Rush, J.). However, in the present case the complaint does not allege that the plaintiff's parents were present at the injury producing event.
The plaintiffs argue that it is difficult, if not impossible, to differentiate between a parent who witnesses an injury to a child and a parent who comes on the scene shortly thereafter and views the same injuries. However, the same difficulty in differentiation exists with the parent who views the effects of the injuries an hour, a day or a month after the injuries are sustained.
In Maloney, supra at 400-401, the court noted that most courts and commentators that have considered the matter recognize the necessity of imposing some rather arbitrary limitations on the right of a bystander to recover for emotional distress. The court then stated:
 "`It would be an entirely unreasonable burden on all human activities if the defendant who has endangered one person were to be compelled to pay for the lacerated feelings every other person disturbed by reason of it, including every bystander shocked at an accident and every distant relative to the person injured as well as all his friends.'" . . . while it may seem that there should be a remedy for every wrong, this is an ideal limited perforce by the realities of this world. Every injury has ramifying consequences like the rippling of waters, without end. The problem for the law is to limit the legal consequences of wrongs to a controllable CT Page 10734 degree. . ." (Citations omitted).
Accordingly, insofar as the plaintiffs' claims are based upon a bystander emotional distress theory of recovery, the Motion to Strike those claims is hereby granted.
The defendant has also moved to strike the claims made by the plaintiff parents based upon the destruction of their relationship with their daughter causing them emotional distress on the grounds that loss of consortium claims, recognized by our Supreme Court in Hobson v. St. Mary's Hospital, 176 Conn. 485 (1979) do not include filial consortium between a parent and a child. The plaintiff urges the court to adopt the reasoning of those cases which recognize a claim of loss of consortium between a parent and a child. e.g. Kizina v. Minier, 7 CSCR 339 (March 16, 1992, Santos, J.); (but see, contra, Bocca v. Pocesta, 2 Conn. L. Rptr. 69
(1990), Barnett, J.); Shattuck v. Gulliver, 40 Conn. Sup. 95
(1984) (Pickett, J.); Hinde v. Butler, 35 Conn. Sup. 292 (1979) (Lexton, J.).
"Historically, most jurisdictions which have addressed the question whether the parents of a negligently injured child could recover damages for loss of that child's consortium have declined to recognize such a right. . . . However, an increasing number of courts have recently held or recognized that such losses are recoverable. . ., and a few jurisdictions have recognized the cause of action by virtue of statute. . .or by state rules of civil procedure. . . ." Annot. 54 ALR 4th 112, 116 (1987) (References omitted). In Maloney v. Lesnick, 17 Conn. App. 130, 141 (1988), reversed on other grounds, 213 Conn. 548 (1990), the court stated: "Moreover, the plaintiff's consortium claim is for loss of filial, rather than spousal consortium. The right to consortium is said to arise out of the civil contract of marriage and as such, does not extend to the parent/child relationship. . . ."(citation omitted) In the Supreme Court's review of the Appellate Court's decision, the court specifically noted that no appeal was taken with respect to the claim of loss of filial consortium, and the judgment was, therefore, final. Maloney, supra at 551, n. 5.
Based upon the reasoning and the authorities hereinbefore cited, the court grants the defendant's Motion to Strike the loss of filial consortium claims. Accordingly, the court grants the Motion to Strike the Fourth Count based upon a claim of bystander liability and grants the Motion to Strike the Sixth Count which asserts a claim for loss of filial consortium. CT Page 10735
The Fifth Count of the Complaint re-alleges the allegations of the Fourth Count and then asserts a claim that the plaintiff parents are third-party beneficiaries of the contract between the defendant and the Board of Education of the Town of Westport and, therefore, seek damages resulting from the defendant's breach of that contract.
The defendant has not asserted, argued or briefed claims relating to the third-party beneficiary claims and, accordingly, the court denies the Motion to Strike the Fifth Count of the complaint.
RUSH, J.