[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On December 3, 1991, plaintiffs Nancy Lesco, Administratrix for the estate of Robert W. Lesco, Jr., Nancy Lesco, individually, Robert W. Lesco, Anthony L. Lesco, and Annmarie Lesco filed a two count complaint against defendant, Royal Glass of Connecticut, Inc. ("Royal Glass"). In the underlying action the decedent, Robert W. Lesco, Jr. was killed at work, due to the alleged fault of his employer, the defendant. Plaintiff Nancy Lesco is the decedent's widow and plaintiffs Robert, Anthony and Annmarie Lesco are the decedent's children. On November 9, 1992, the plaintiffs filed an amended, five count, complaint. The first count is brought by Nancy Lesco, as Administratrix of the estate of Robert Lesco, on behalf of Robert Lesco, for his wrongful death. The second count is brought by Nancy Lesco, as parent and next friend of Robert Lesco, III, Anthony Lesco and Annmarie Lesco, the surviving children of the decedent.
On February 11, 1993, the defendant filed a motion to strike the second, third, fourth and fifth counts of plaintiffs' amended complaint, and a memorandum in support of its motion, asserting CT Page 6660 that the plaintiffs have failed to state claims upon which relief can be granted. Plaintiffs filed a memorandum in opposition to the defendant's motion on March 4, 1993, and the defendant filed two supplemental memorandums in support of its motion on March 18, 1993, and on May 11, 1993.
The purpose of a motion to strike is to "test the legal sufficiency of a pleading." Ferryman v. Groton, 212 Conn. 138,561 A.2d 432 (1989).
 Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross-complaint, or of any one or more counts thereof, to state a claim upon which relief can be granted, or (2) the legal sufficiency of any prayer for relief. . ., or (3) the legal sufficiency of any such complaint, counterclaim or cross-complaint, or any count thereof, because of the absence of any necessary party, or (4) the joining of two or more causes. . ., or (5) the legal sufficiency of any answer . . . that party may do so by filing a motion to strike the contested pleading or part thereof.
Practice Book 152. When "considering the ruling upon the motion to strike [the court is] limited to the facts alleged in the complaint." (Citations omitted.) King v. Board of Education,195 Conn. 90, 93, 486 A.2d 1111 (1985). Further, when deciding a motion to strike, the court must construe the facts alleged in the complaint "in the manner most favorable to sustaining its legal sufficiency." (Citation omitted.) Kelly v. Americo Figueiredo, 223 Conn. 31, 32, 610 A.2d 1296 (1992). Accordingly, "if facts provable under the allegations would support a defense or a cause of action the [motion to strike] must fail." Ferryman v. Groton, supra, 142.
In its memorandum in support of its motion to strike, the defendant raises one ground in support of its motion to strike count two of the plaintiffs' complaint, and two grounds in support of its motion to strike counts three, four and five of the plaintiffs' complaint. First, the defendant contends that the plaintiffs have asserted "bystander" emotional distress claims in counts two, three, four and five of their complaint, CT Page 6661 and that these claims should be stricken from plaintiffs' complaint. In the alternative, plaintiffs maintain that counts two, three, four and five of their complaint are solely claims for loss of consortium, and that they have not alleged claims for bystander emotional distress. Upon review of plaintiffs' complaint the aforementioned counts plainly allege claims solely for loss of consortium. As a result, defendant's contention that plaintiffs' "bystander" emotional distress claims need to be stricken, need not be addressed because no such claims exist. Therefore, the defendant's motion to strike counts two, three, four and five of plaintiffs' complaint, on the aforementioned grounds, are denied. Furthermore, because the defendant does not contest the viability of count two of plaintiffs' complaint, alleging a loss of consortium claim on behalf of the decedent's wife, Nancy Lesco, on any other ground, the count will not be stricken from plaintiffs' complaint.
In the second ground in support of its motion to strike counts three, four and five of plaintiffs' complaint, that allege loss of consortium on behalf of the decedent's three children, defendant asserts that if the plaintiffs have asserted claims for loss of "filial" consortium the claims should be stricken, because Connecticut does not recognize such cause of action. Plaintiffs maintains that the court should deny defendant's motion to strike because two Connecticut courts have held that such a claim will be recognized. See Kizina v. Minier, 5 Conn. L. Rptr. No. 18, 481 (February 17, 1991) (Santos, J.); Henderson v. Micciche, 6 Conn. L. Rptr. No. 11, 317 (May 18, 1992) (Murray, J.).
No appellate court in Connecticut has specifically addressed the lost parental or filial consortium. However, it has been suggested that since a loss of consortium claim arises out of the contract of marriage, such cause of action cannot be extended to a child-parent relationship. See Mahoney v. Lensink, 17 Conn. App. 130,141, 550 A.2d 1088 (1988), rev'd on other grounds,213 Conn. 548, 569 A.2d 518 (1990). In Mahoney the appellate court, in what appears to be dicta, stated that:
 The plaintiffs' claim for loss of consortium fails for the same reason as does their claim for funeral expenses. Moreover, the plaintiffs' conortium [consortium] claim is for loss of filial, rather than spousal consortium. The right to consortium is said to arise out of CT Page 6662 the civil contract of marriage and as such, does not extend to the parent-child relationship. " See Hopson v. St. Mary's Hospital, 176 Conn. 485, 487, 408 A.2d 260
(1979).
(Emphasis added.) Id; see also Clark v. Romes, 561 F. Sup. 1209
(D. Conn. 1983) ("It is clear that the Connecticut Supreme Court in Hopson, limited its consortium ruling to the marriage relationship. ") Further, the majority of superior courts cases have held that a loss of consortium claim does not extend to the parent-child relationship. See Giatrelis v. Kruss, 8 Conn. L. Rptr. No. 18, 560 (May 3, 1993) (May 3, 1993) (Hadden, J.); Reardon v. Middlesex Hospital, 7 Conn. L. Rptr. No. 11, 299 (October 5, 1992) (Hendel, J.); O'Hazo v. Sousa, 7 Conn. L. Rptr. No. 2, 62 (August 3, 1992) (Langenbach, J.); Michaud v. St. Mary's Hospital, 4 Conn. L. Rptr. 442 (1991) (Bryne, J.); Livingston v. Avery Center, 1 Conn. L. Rptr. 464 (1990) (Meadow, J.); Seger v. Dunne, 3 CSCR 233 (1988) (Hennessey, J.); Shattuck v. Gulliver, 40 Conn. Sup. 95 (1984) (Pickett, J.); Hinde v. Butler, 35 Conn. Sup. 292 (1979).
Accordingly this court concludes there is no cause of action in Connecticut for loss of filial consortium, permitting a child to recover for the loss of consortium with an injured parent. Therefore, defendant's motion to strike the third, fourth and fifth counts of plaintiffs' complaint is granted.
Howard F. Zoarski, Judge CT Page 6663