[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This six count action arises out of a motor vehicle accident which occurred on December 4, 1992. The plaintiffs allege in their complaint, dated January 6, 1993, that plaintiff Flora Castrovillari and her three year old son, Pietro Castrovillari, for whose estate plaintiff Filomena Castrovillari is administratrix, were traveling south on West Avenue in Darien when their vehicle was struck by a vehicle operated by defendant Maria Bourse. The plaintiffs allege that the accident resulted in Pietro Castrovillari's death, as well as serious injuries to Flora Castrovillari. Counts one and two allege negligence on the part of Bourse; counts three and four allege wanton and reckless conduct on the part of Bourse; count five alleges bystander emotional distress; and count six alleges parent/child loss of consortium. CT Page 2144
The plaintiffs claim that defendant John Schulten is jointly and severally liable as Bourse's employer, and that defendant Volvo Finance North America. Inc., is jointly and severally liable pursuant to General Statutes 52-183 and 14-154a. They seek monetary and punitive damages, costs, and double or treble damages pursuant to General Statutes 14-295.
The three defendants filed separate motions to strike counts three and four (#107), count five (#105), and count six (#103). "The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted." Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170, 544 A.2d 1185 (1988); Mingachos v. CBS, Inc., 196 Conn. 91,108, 491 A.2d 368 (1985). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. King v. Board of Education, 195 Conn. 90, 93, 463 A.2d 1111 (1985). The court must construe the facts most favorably to the pleader. Blancato v. Feldspar, 203 Conn. 34, 36, 552 A.2d 1235 (1987). "The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them and if facts provable under the allegations would support a defense or a cause of action, the demurrer [motion to strike] must fail. (Citation omitted.)" Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545, 427 A.2d 822 (1980).
I. Count Five — Bystander Emotional Distress
The defendants argue that Flora Castrovillari was not a bystander and this court should therefore strike count five of the plaintiff's complaint. In response, the plaintiffs argue that Flora Castrovillari was in the vehicle when the accident took place and would necessarily be considered a bystander. The defendants cite Strazza v. McKittrick,146 Conn. 714, 717, 156 A.2d 149 (1959), for the proposition that bystander emotional recovery is not permitted in this state. However, that case involved a claim for bystander emotional distress by a mother who experienced shock while inside her house when a truck hit a porch on which she knew her son was standing. ("She cannot recover for nervous shock resulting from fear of injury to her child.") Id., 719.[1]
To state a legally sufficient claim for bystander emotional distress, a plaintiff must allege: that he or she is closely related to the victim; that he or she is present at the scene of the injury-producing event at the time it occurs and is then aware that it is causing injury CT Page 2145 to the victim; and that he or she suffers serious emotional distress, beyond that which would be anticipated in a disinterested witness. Diaz v. Camacho, 10 CTLR 34, 35 (October 18, 1993, Ballen, J.), quoting Thing v. LaChusa, 48 Cal.3d 644, 771 P.2d 814, 829-30,257 Cal.Rptr. 865 (1989); see also Finley v. Masiello Bus Co., 7 CSCR 1357
(November 25, 1992, Rush, J.).
The fifth count of the complaint alleges that Flora Castrovillari was the decedent's mother, that she witnessed the decedent's injuries, and that she has sustained extreme emotional distress and will continue to do so in the future as a result of witnessing her son's fatal injuries. The plaintiff has sufficiently alleged a cause of action for bystander emotional distress under the principles set forth in Thing v. LaChusa, supra. Accordingly, the defendants' motion to strike the fifth count of the complaint is denied
II. Count Six — Filial Loss of Consortium
The defendants argue that the sixth count should be stricken for the reason that loss of consortium claims are only permitted for spouses. In response, the plaintiffs argue that some Connecticut superior courts have permitted such claims.
In Connecticut, "[n]o appellate [or supreme] court case has yet addressed squarely the issue of whether, under any circumstances, a cause of action for the loss of filial consortium lies." Mahoney v. Lensink, 17 Conn. App. 130, 141 n. 7. 550 A.2d 1088 (1988), rev'd on other grounds. 213 Conn. 548, 569 A.2d 518 (1990). However, the Appellate Court did say that "[t]he right to consortium is said to arise out of the civil contract of marriage and as such, does not extend to the parent-child relationship." Id., 141.
This court believes that Connecticut does not recognize parent/child loss of consortium. Since the sixth count alleges such a claim following injuries to and the death of plaintiff Flora Castrovillari's son Pietro, the motion to strike this count is granted.
III. Counts Three and Four — Recklessness
The defendants argue that the third and fourth count merely repeat the allegations of the first and second counts, adding the words "wanton and reckless," and are not supported by additional claims of fact. In response, the plaintiffs argue that the third and fourth counts each contain nine specific allegations of conduct which is alleged to be wanton and reckless. CT Page 2146
Paragraph 14 of the first count, which pertains to Flora Castrovillari, and paragraph 15 of the second count, which concerns her deceased son, assert causes of action in negligence against Bourne. Both counts contain sixteen allegations of negligence, comprised of six common law claims of negligence and ten statutory violations, including alleged violations of General Statutes 14-218a (unreasonable speed);14-219 (excessive speed); and 14-222 (reckless operation).[2]
The third count is asserted on behalf of Flora Castrovillari and the fourth count on behalf of her deceased son. Paragraphs 14 of the third count and 15 of the fourth count claim that the injuries to the mother and the death of her son "were the direct result of the wanton and reckless action of defendant Bourne." These two counts repeat some of the allegations of negligence contained in the first and second counts, including the alleged violations of General Statutes 14-218a 14-219
and 14-222.[3] However, no new allegations pertaining to recklessness are added to these two contents.
In other words, the plaintiffs reiterate the same common law and statutory violations alleged in the first and second counts, but label them as "recklessness." As the Supreme Court said in Dumond v. Denehy,145 Conn. 88, 91, 139 A.2d 58 (1958), "[w]e reiterate, and in so doing add emphasis to what we said in Brock v. Waldron, 127 Conn. 79, 80,14 A.2d 713 (1940): `[t]he complaint does not state with desirable accuracy a cause of action based on wanton misconduct. There is a wide difference between negligence and a reckless disregard of the rights or safety of others, and a complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on.' The complaint in the instant case fell far short of alleging a cause of action for reckless or wanton misconduct. Simply using the word "reckless" or "recklessness" is not enough. A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made."
The reiteration of acts previously asserted to support a cause of action in negligence, without more cannot be transformed into a claim of reckless misconduct by mere nomenclature. "There is a wide difference between negligence and a reckless disregard of the rights or safety of others . . . ." Brock v. Waldron, supra, 81. In the case of Dubay v. Irish, 207 Conn. 518, 532-33, 542 A.2d 711 (1988), the Supreme Court illuminated the difference between negligence and recklessness:
Recklessness is a state of consciousness with CT Page 2147 reference to the consequences of one's acts. It is more than negligence, more than gross negligence. The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. Wanton misconduct is reckless misconduct. It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action. Wilful misconduct has been defined as intentional conduct designed to injure for which there is no just cause or excuse. [Its] characteristic element is the design to injure either actually entertained or to be implied from the conduct and circumstances. Not only the action producing the injury but the resulting injury also must be intentional. (Internal quotation marks and citations omitted).
Construing the complaint in the manner most favorable to the pleader; Amodio v. Cunningham, supra, 82; but excising all legal conclusions and unsupported opinions; Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545, 427 A.2d 822 (1980); there is no factual basis to support a cause of action for recklessness. The plaintiffs have included neither the language necessary to the invocation of General Statutes 14-295, nor sufficient facts to accompany the statutory incantation. Without supporting evidentiary facts, the charge of a conscious or implied "design to injure"; Markey v. Santangelo, 195 Conn. 76, 77, 485 A.2d 1305 (1985); is not properly asserted.
For the foregoing reasons, defendants' motion to strike the third and fourth counts is granted.
So Ordered.
Dated at Stamford, Connecticut this 3rd day of March, 1994.
William B. Lewis, Judge