[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
On November 10, 1993, the plaintiffs, Chester Olkowski, Jr., his wife, Debra Bolduc, and their son, Raymond Olkowski, filed a seventeen count complaint against the defendants, Justin Dew [Justin], and his parents John and Beatrice Dew [parents], sounding in negligence, spousal loss of consortium and parental [filial] loss of consortium. The plaintiffs allege that Justin was driving a truck owned and maintained by his parents with his parents' permission, and that, while driving the truck, Justin collided with the rear of the plaintiffs' van. The plaintiffs allege they sustained injuries as a result of this collision.
On March 14, 1994, the defendants filed a motion to strike, with a supporting memorandum, counts sixteen and seventeen of the plaintiffs' complaint, in which Chester Oklowski and Debra Bolduc allege filial loss of consortium. The defendants claim that the counts do not state a cause of action upon which relief may be granted because Connecticut has not recognized filial loss of consortium claims. On April 13, 1994, the plaintiffs filed an objection to the motion to strike with a supporting memorandum of law.
A motion to strike is used to test "the legal sufficiency of the allegations of any complaint. . . to state a claim upon which relief can be granted." Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). "The pleading party cannot merely make conclusions of law without alleging facts which would bring the case within any of the recognized grounds for that particular cause of action." DelGreco Realty Co. v. Lamoureux, 39 Conn. Sup. 95, 98-99,469 A.2d 1232 (Super.Ct. 1983).
"In ruling on a motion to strike the trial court is CT Page 6514 limited to considering the grounds specified in the motion."Meredith v. Police Commission, 182 Conn. 138, 140, 438 A.2d 27
(1980). "If facts provable under the allegations of the complaint would support a cause of action, the motion to strike must fail." Hannafin v. Ethics Commission,39 Conn. Sup. 99, 100-01, 470 A.2d 720 (Super.Ct. 1983). In considering a motion to strike, the allegations in the complaint are "entitled to the same favorable construction as a trier would be required to give in admitting evidence under them." Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432
(1989).
The defendants argue that in Hopson v. St. Mary'sHospital, 176 Conn. 485, 408 A.2d 260 (1979), the Connecticut Supreme Court recognized a right to consortium arising out of the civil contract of marriage, but that the Appellate Court, in dicta, has held that this right does not extend to the parent-child relationship. The defendants argue that neither the legislature nor the Supreme or Appellate Court has made an attempt to extend the right of consortium doctrine to include the parent-child relationship, therefore, this court should not extend it either.
The plaintiffs argue that, although there is no Appellate or Supreme Court authority directly on point regarding filial consortium claims, there is support for filial loss of consortium claims in the common law and in recent Superior Court cases. The plaintiffs also argue that nonrecognition of this type of claim implicates equal protection issues.
The Court in Mahoney v. Lensink, 17 Conn. App. 130,141 n. 7, 550 A.2d 1088 (1988), rev'd on other grounds,213 Conn. 548, 569 A.2d 518 (1990), stated that "[t]he right to consortium is said to arise out of the civil contract of marriage and as such, does not extend to the parent-child relationship. . . . No appellate court has yet addressed squarely the issue of whether, under any circumstances, a cause of action for filial consortium lies."
Many Superior Court cases have not recognized filial consortium claims. See Toscano v. Sinsteden, 8 CSCR 372
(March 8, 1993, Wagner, J.); Reardon v. Middlesex Hospital,7 Conn. L. Rptr. 299 (August 27, 1992, Hendel, J.); O'Hazo v.Sousa, 7 Conn. L. Rptr. 62 (July 8, 1992, Langenbach, J.);Shattuck v. Gulliver, 40 Conn. Sup. 95, 481 A.2d 1110
CT Page 6515 (Pickett, 1984). This court has previously held in Seger v.Dunne, 3 CSCR 233 (January 22, 1988, Hennessey, J.), that "`[c]onsortium is an element of a marital relationship and cannot be extended to the children of the marriage. . . .'" (Citations omitted.)
The loss of consortium claims alleged in counts sixteen and seventeen are not based upon a marital relationship but are based upon the parent-child relationship. Accordingly, the defendants' motion to strike is granted.
Mary R. Hennessey, Judge