[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
Defendant Steven Cassell moves for summary judgment against CT Page 1633-DD plaintiffs Dorothea and Christopher Tyrrell. The issue to be resolved is whether a parent of a child who has allegedly been injured by reason of a doctor's malpractice may assert claims against the doctor for the parent's emotional distress or the parent's loss of the child's consortium. For the reasons stated below, judgment is entered against Christopher Tyrrell but not against Dorothea Tyrrell.
The parents' claims are set forth in the second and third counts of the three-count complaint. In the first count, Dorothea Tyrrell, as administratrix of the Estate of Carly Ann Tyrrell, asserts a medical malpractice claim against the defendant for injuries suffered by Carly Ann during birth. In the second count, Dorothea and Christopher Tyrrell seek compensation for the emotional distress they suffered "from observing and experiencing the incident, injury, pain and suffering, emotional distress and resulting death of their daughter." In the third count, the parents seek compensation for their loss of filial consortium occasioned by their child's injuries. The defendant argues that the claims asserted by the parents on their own behalf are not cognizable causes of action.
The plaintiffs contest the procedural vehicle used by the CT Page 1633-EE defendant. They claim a motion for summary judgment is not the proper method for testing the legal sufficiency of a complaint or a cause of action. The "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279 (1989). Practice Book Sec. 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "The test for granting summary judgment is whether the moving party would be entitled to a directed verdict on the same facts." Wilsonv. New Haven, supra at 279. While a motion for summary judgment is not an appropriate pleading to strike one of two counts in which a party alleges claims, a motion for summary judgment is appropriate to determine whether a party has presented a real issue to be tried.
Dorothea Tyrrell asserts two claims on her own behalf. In the second count, she seeks compensation for the emotional distress she allegedly suffered as a result of medical malpractice committed during the birth of her child. The defendant construes her claim as a claim for bystander emotional distress. Such claims, argues the defendant, CT Page 1633-FF cannot be brought in this jurisdiction.
Various courts have held that a mother is not a bystander during the birth of her child because the defendant doctor also owes a duty of care to the mother by virtue of the physician-patient relationship. See, e.g., Hyland v. State, 7 CSCR 1021 (August 6, 1992, Aurigemma, J.); Starr v. Merdinolu, 5 CSCR 1039 (January 1, 1990, Cioffi, J.);Michaud v. Johnson, 4 CSCR 720 (August 16, 1989, Schaller, J.);Santilli v. Kharma, 2 CSCR 446 (May 28, 1987, Healey, J.); Martinezv. Bridgeport Hospital, 1 CSCR 568 (July 22, 1986, Spear, J.); Brittonv. Borelli, 7 Conn. L. Trib., No. 25, p. 11 (Super.Ct., June 5, 1981, Moraghan, J.). "[T]o infer that a mother is a bystander at the birth of her infant manifests a basic misunderstanding of the duty owed a patient by a physician." Britton v. Borelli, supra, 7 Conn. L. Trib., p. 13. "There is a duty of proper obstetrical care owed to a mother during childbirth, and for breach of that direct duty there may be recovery by the mother for emotional distress." Santilli v. Kharma,
supra, 2 CSCR 446. Applying these rules of law to this case, this court concludes the plaintiff mother has presented a sufficient claim for negligent infliction of emotional distress and a real issue for trial. Accordingly, the motion for summary judgment must be denied CT Page 1633-GG as to Dorothea Tyrrell.
Dorothea Tyrrell also asserts a claim for loss of filial consortium. Since the motion for summary judgment must be denied as to her, there is no need at this time to address the sufficiency of her second claim.
Christopher Tyrrell asserts two claims. In the second count, he seeks compensation for the emotional distress which he suffered. InMaloney v. Conroy, 208 Conn. 392, 545 A.2d 1059 (1988), the Supreme Court considered the issue of "whether one who is closely related to a victim of alleged malpractice may recover for a severe emotional disturbance claimed to have resulted from observing the malpractice perpetrated on the victim." Id., 393. The court held that "with respect to . . . [bystander emotional distress] claims arising from malpractice on another person, we should return to the position . . . that `there can be no recover for nervous shock and mental anguish caused by the sight of injury . . . to another.'" Id., 402. Christopher Tyrrell does not under the holding of the Mahoney decision present a real issue to be tried with respect to his claim for emotional distress. This claim is not one for which relief can be granted. CT Page 1633-HH
In the third count, Christopher Tyrrell makes a claim for loss of filial consortium. While Connecticut recognizes a cause of action for the loss of spousal consortium, Hopson v. St. Mary's Hospital,176 Conn. 485, 487, 408 A.2d 260 (1979), "[n]o appellate court case has yet addressed squarely the issue of whether, under any circumstances, a cause of action for the loss of filial consortium lies." Mahoneyv. Lensink, 17 Conn. App. 130, 141 n. 7, 550 A.2d 1088, rev'd on other grounds, 213 Conn. 548, 569 A.2d 518 (1990). A majority of judges of The Superior Court have held that parents cannot recover for the lost consortium of their child. See, e.g., Olkowski v. Dew, 9 CSCR 719
(June 10, 1994, Hennessey, J.); Paradiso v. Nasinka,11 Conn. L. Rptr. 53
(March 21, 1994, Gray, J.); Finley v. Masiello Bus Co., 7 CSCR 1357
(November 24, 1992, Rush, J.); Shattuck v. Gulliver, 40 Conn. Sup. 95,480 A.2d 610 (Super.Ct. 1984) (Pickett, J.). In refusing to recognize consortium claims in the context of the parent-child relationship, these judges have generally relied on the language inHopson v. St. Mary's Hospital and Mahoney v. Lensink which restricts loss of consortium claims to cases where such claims are predicated on the husband-wife relationship. A few judges have also refused to recognize loss of filial consortium claims on the ground that such CT Page 1633-II claims are too speculative. A few Superior Court judges have, however, recognized a cause of action for loss of filial consortium. See e.g., Condron v. Pollak, 10 Conn. L. Rptr. 411 (January 17, 1994, Dean, J.); Sliney v. Denisanko, 9 Conn. L. Rptr. 537 (September 13, 1993, Gordon, J.); Kizima v. Minier, 7 CSCR 339 (January 24, 1992, Santos, J.). Some have recognized claims by a child for the lost consortium of the parent but not claims by the parents for the lost consortium of the child. E.g., Paradiso v. Nasinka, supra. After considering the well reasoned opinions, this court concludes that parental claims for the lost consortium of the child are not cognizable.
Christopher Tyrrell has not asserted a real issue for trial in either the second or third count, which are the only counts wherein he asserts claims. There is no genuine issue as to any material fact with respect to these claims and the defendant is entitled to judgment as a matter of law as to Christopher Tyrrell.
The defendant's motion for summary judgment is denied as to plaintiff Dorothea Tyrrell. The motion for summary judgment is granted as to plaintiff Christopher Tyrrell. Accordingly, judgment CT Page 1633-JJ is entered against Christopher Tyrrell.
THIM, J.