[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
This case arises out of an automobile accident in which one of the plaintiffs was injured. In three counts her minor children make a claim of loss of parental consortium and a motion to strike has been filed against those counts claiming that there is no such cause of action in Connecticut. A CT Page 7538 motion to strike is an appropriate vehicle to test whether our state is ready to recognize a new cause of action. DurhamAqueduct Co. v. C.E. Burr Co., 8 Conn. L.Trib. #13 pp. 11, 12, Stephenson, Connecticut Civil Procedure, Vol. I, § 116,Hammon v. Diglianti, 148 Conn. 710 (1961), Carey v. StatewideFinance Co., 3 Conn. Cir. 716 (1966).
There are no appellate cases that directly confront this issue. There is an older case, Taylor v. Keefe, 134 Conn. 156,158 (1947) that upheld a demurrer to a claim by a child against one who the child claimed alienated him from his mother's affection. This case is not directly on point and preceded Hopson v. St. Mary's Hospital, 176 Conn. 485 (1979) whose reasoning must be taken into account in deciding this issue.
The Restatement (Second) of Torts recognizes a claim for spousal consortium but not for loss of parental or filial consortium. The cases are collected in an article in 11 ALR 4th at page 549 et seq. In a rather revealing comment that article contains the following language at page 552:
 "While sometimes recognizing that as a matter of logic or abstract reasoning, a child ought to have a cause of action for loss of support, training, parental affection and the like, against a third person who negligently injures the child's parent, the courts which have expressly dealt with the question have traditionally denied the existence of such a cause of action." (emphasis added)
In 1982 when the article was published only two states recognized the cause of action, see Feneff v. New York, C HHRR Co., 89 N.E. 436 (Mass. 1909), Berger v. Weber, 303 N.W.2d 424
(Mich, 1981). By 1994 when the supplement was published other states had adopted that view, Villareal v. State Department ofTransportation, 774 P.2d 213 (Ariz. 1989), Craft v. HermesConsol, Inc., 797 P.2d 559 (1990), Weite v. Moes, 311 N.W.2d 259
(Iowa 1981), Verland v. Pengo, 691 P.2d 190 (Wash., 1984),Therma v. Kenosha, 344 N.W.2d 513 (Wis., 1984), cf Kelly v. T.L. James Co., 603 F. Sup. 390 (WD La., 1986), Reighley v.International Playtex, Inc., 604 F. Sup. 1078 (D.C. Colo, 1985).
In our state cases recognizing the cause of action are CT Page 7539Vizzo v. Keleman, 199 SWL 17423 (1995), Cherry v. ABF FreightSystems, Inc., 12 Conn. L.Rptr. 101 (1994), Shabazz v. Price,11 Conn. L.Rptr. 331 (1194), Paradiso v. Nasinka,11 Conn. L.Rptr. 53 (1994), Beckwith v. Akus, 8 CSCR 364 (1993),Henderson v. Micciche, 6 Conn. L.Rptr. 317 (1992), Kizina v.Minier, 5 Conn. L.Rptr. 481 (1991).
Cases rejecting the cause of action are Rodriquez v.Bristol Housing Authority, 9 CSCR 418, Giatrelis v. Krauss,8 Conn. L.Rptr. 560 (1993), Reardon v. Middlesex Hospital,7 Conn. L.Rptr. 299 (1992), O'Hazo v. Sousa, 7 Conn. L.Rptr. 62,Michaud v. St. Mary's Hospital, 6 CSCR 821, Hande v. Butler,35 Conn. Sup. 292, 296 (1979), Seger v. Dunne, 3 CSCR 233.
The cases that reject the cause of action are fairly consistent in their approach. No case bases its reasoning on the notion that the child is not actually harmed by the injury to the parent. But they point to the fact that the "majority" of superior court cases that have considered the issue reject the theory, Giatrelis, et al, v. Krauss, supra, O'Hazo, et alv. Sousa, et al, supra, Reardon, et al v. Middlesex Hospital,et al, supra, Rodriquez v. Bristol Housing Auth., supra. Also, the cases just cited refer to Hopson v. St. Mary'sHospital, 176 Conn. 485, 493 (1979) which recognized a cause of action based on spousal consortium and say the "touchstone for loss of consortium is the civil contract of marriage."Reardon at page 300, cf. Hinde v. Butler, supra and Seger v.Dunne, supra. In effect what these courts are saying is what the court in Reardon explicitly said at page 300: "until an appellate court extends consortium to a child-parent relationship this court is constrained not to do so." But that approach fails to take account of the function of the motion to strike to test new causes of action. The point is that no appellate court in our state has explicitly decided whether there is an action for loss of parental or filial consortium, see Mahoney v. Lesnick, 17 Conn. App. 130, 414 at footnote 7. It is no answer to say that in light of that the motion to strike must be granted. In Hopson v. St. Mary'sHospital, supra the trial judge granted a demurrer to the cause of action based on loss of spousal consortium but he had to do that since an earlier Supreme Court case, Marri v.Stamford Street R Co., 84 Conn. 9 (1911) barred such an action. That is not the case here so the issue must be examined on its merits. Interestingly although our appellate courts have not recognized a cause of action for bystander CT Page 7540 emotional distress, disallowing it only in the medical malpractice area, that has not prevented literally dozens of opinions from being manufactured at least 33 of which 1973 have recognized the cause of action, see Courchesne v. DickauBus Co., 11 Conn. L.Rptr. 463, 464 (1994).
Turning then to the merits what does Hopson v. St. Mary'sHospital really say? Does anything in its language require a rigid approach in examining the viability of a claim for loss of parental consortium by the affected child?
Hopson ultimately did not rest on technical definitions of the marriage relationship, its rights and legal obligations. The real basis of its ruling is set forth at 176 Conn. page 493:
 Although disparagingly referred to as "sentimental" or "parasitic" damages, the mental and emotional anguish caused by seeing a healthy, loving, companionable mate turn into a shell of a person is undeniably a real injury. Moreover, an injury to one's spouse may turn a happily married man or woman into a lifelong nurse and deprive him or her of an opportunity of having children and of raising a family . . . .
 In short, the effect of the Marri decision is to deny the existence of any harm where harm is most assuredly to be expected. It is a well-settled principle of law that a tortfeasor takes his victim as he finds him. (sic)"
There is certainly a difference between spousal and parental consortium. But the following comment in Berger v.Weber, 304 N.W.2d 424, 426 (Mich. 1981):
 "Sexual relations (however) are but one element of the spousal consortium action. The other elements — love, companionship, affection, society, comfort, services and solace — are similar in both relationships and in each are deserving of protection."
In Hays v. Medical Center Hospital of Vermont,496 A.2d 939, 942 (Vt 1985) the Vermont Supreme Court in recognizing this cause of action noted that "not only are the losses suffered by parent and child similar in many respects but the child is in a uniquely difficult position to make up for the CT Page 7541 loss of a parent," id. at page 942. The court went on to quote from a Wisconsin decision, Theama v. City of Kenosha,344 N.W.2d 513, 516 (1984).
 "While an adult is capable of seeking out new relationships in an attempt to fill in the void of his or her loss, a child may be virtually helpless in seeking out a new adult companion. Therefore, compensation through the courts may be the child's only method of reducing his or her deprivation of the parent's society and companionship. "
The Hays court notes at 496 A.2d pp 942-943 that it has been said that recovery for loss of parental consortium is too remote but it could see little difference in terms of remoteness from the case of a spouse seeking to recover for loss of consortium and that of a minor child who also seeks a recovery for loss of consortium.
In recognizing a spousal consortium cause of action theHopson court noted injury to one's spouse may deprive a married person of an opportunity to have children and raise a family. Well here we have that family and an injury to a parent has taken away from the child the chance to have the nurture, love, and protection a family provides. Should the uninjured spouse in the family unit be permitted an action against the tortfeasor under Hopson but not the child. Such a result would seem to defy logic.
Are there "practical" problems that should bar recognizing this cause of action. Judge Santos in Kizna, etal v. Minier, et al, Conn. L.Rptr. 481 effectively answered these objections as did the Hays court, id. pp. 942-943.
1) There is the possibility of increased litigation. But whenever a new cause of action is recognized this is always a possibility. Admittedly we're an increasingly litigious society but if a new cause of action should be recognized on the merits how can it be said to the new class of prospective plaintiffs starting with you we've decided you can't have access to the court? The answer is to make court operations more efficient or experiment with other reforms to reduce abuses created by excess litigation in general. Individual trial judges do not have the right or ability to deny individual plaintiff's access to our courts based not on the CT Page 7542 merits of the claim but the incalculable and speculative threat of increased litigation or insurance costs.
2) Multiple lawsuits. There is such a danger but this could be alleviated by holding that where feasible the child's claim for loss of parental consortium be joined with injured parent's claim.
3) Threat to family harmony. This might result where each plaintiff tries to maximize his or her own recovery — this would be increased where a defendant's insurance and assets were not sufficient to satisfy call damage awards. But as the Hays court points out the problem is no different than that arising in other cases involving family litigation.
4) Damages speculative and uncertain. But such damages are no more difficult to ascertain in this type of case than those in other classes of cases where recovery for intangible loss has been permitted. Besides, we have recognized an action by a spouse for loss' of consortium which also seeks a similar recovery.
5) Monetary damages are an insufficient compensation for aminor's loss of a parent. Such an argument could be made in every other tort where there is a claim for personal injuries, pain and suffering and emotional suffering. Monetary damages are "the only workable way that our legal system has found to ease the injured party's tragic loss." Theama v. City ofKenosha, supra, 344 N.W.2d at page 520.
6) Danger of double recovery of damages. As Hays points out recognition of this cause of action will permit juries to allocate losses among separate claims. Trial courts can give appropriate instructions and interrogatories can be used.
7) Leave it to the legislature. Trial courts have a special responsibility to interpret and develop the common law,Shabazz, et al v. Price, et al, 11 Conn. L.Rptr. 331, 333 (1994). The legislature is also free to address this subject as the Hays court points out.
All the "practical" problems to recognizing this cause of action were discussed (and dismissed) when the Supreme Court recognized a cause of action for loss of spousal consortium. The exact same reasoning and observations apply to this cause CT Page 7543 of action, see Hopson fat [at] pages 493-494.
There doesn't seem to be any reason based on practical grounds to bar this cause of action. Since a harm has been suffered, I believe a cause of action is warranted. The motion to strike is denied.
Corradino, J.