[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #108
Defendant's motion to strike is granted. While Connecticut recognizes a cause of action for the loss of spousal consortium,Hopson v. St. Mary's Hospital, 176 Conn. 485, 487, 408 A.2d 260
(1979), "[n]o appellate court case has yet addressed squarely the issue of whether, under any circumstances, a cause of action for the loss of filial consortium lies." Mahoney v. Lensink, 17 Conn. App. 130,141 n. 7 550 A.2d 1088, rev'd on other grounds, 213 Conn. 548,569 A.2d 518 (1990). A majority of judges of the Superior Court have held that parents cannot recover for the lost consortium of their child. See, e.g., Olkowski v. Dew, 9 CSCR 719 (June 10, 1994, Hennessey, J.); Paradiso v. Nasinka, 11 Conn. L. Rptr. 53
(March 21, 1994, Gray, J.); Finley v. Masiello Bus Co., 7 CSCR 1357
(November 24, 1992, Rush, J.); Shattuck v. Gulliver, 40 Conn. Sup. 95,480 A.2d 610 (Super.Ct. 1984) (Pickett, J.). In refusing to recognize consortium claims in the context of the parent-child relationship, these judges have generally relied on the language inHopson v. St. Mary's Hospital and Mahoney v. Lensink which restricts loss of consortium claims to cases where such claims have been predicated on the husband-wife relationship. A few judges have also refused to recognize loss of filial consortium claims on the ground that such claims are too speculative. A few Superior Court judges have, however, recognized a cause of action for loss of filial consortium. See e.g., Condron v. Pollak,10 Conn. L. Rptr. 411 (January 17, 1994, Dean, J.); Sliney v. Denisanko,9 Conn. L. Rptr. 537 (September 13, 1993, Gordon, J.); Kizima v.Minier, 7 CSCR 339 (January 24, 1992, Santos, J.). Some have recognized claims by a child for the lost consortium of the parent but not claims by the parents for the lost consortium of the child. CT Page 10870E.G., Paradiso v. Nasinka, supra. After considering the well reasoned opinions, this court concludes that parental claims for the lost consortium of the child are not cognizable.
THIM, JUDGE