[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
re Motion to Strike (#106)
The instant case arises from a May 24, 1994 incident in which the named defendant is alleged to have inflicted severe and permanent injuries on the named plaintiff. The injuries, which were sustained during an amateur hockey game, have rendered the plaintiff a quadriplegic.
The sixth count of the complaint is brought on behalf of the plaintiff's minor children and seeks damages based on a loss of CT Page 13333-E parental consortium. The co-defendants, Charles Myers and Christopher Sokol, have moved to strike this count on their contention that the law of Connecticut does not recognize such cause of action.
Consortium is an element of the marital relationship.Shattuck v. Gulliver, 40 Conn. Sup. 95, 100 (1984); Segar v.Dunne, 3 CSCR 233 (1988). "[It is] usually defined as encompassing the services of the wife, the financial support of the husband, and the variety of intangible relations which exist between spouses living together in marriage." Hopson v. St.Mary's Hospital, 176 Conn. 485, 487 (1979).
Although our Supreme Court has not approved or disapproved a right of action based on a loss of parental consortium, the Appellate Court was clear in its rejection: "The right to consortium is said to arise out of the civil contract of marriage and as such, does not extend to the parent-child relationship. "Mahony v. Lensink, 17 Conn. App. 130, 141 (1988).
This court concedes, not withstanding the weight of authority CT Page 13334 to the contrary, that there is compelling reason to authorize such relief. Judge Murray expressed it well when he wrote:
 "Allowing this right in behalf of the minor child is . . . compelled by the State's public policy to strengthen the family and to protect children from injury and neglect as codified particularly in Section 17a-101(a) of our statutes. Finally, the evolving recognition of a child's rights under the federal constitution and the increased awareness in the society of a parent's necessary role in the nurturing of the minor child also compels us to find these loss of parental consortium claims legally cognizable." Henderson v. Micciche, 6 Conn. L. Rptr. 317, 318 (1992); see also Kizina v. Minier, 5 Conn. L. Rptr. 481, 482-83 (1992).
The time may well be ripe to expand the right of recovery in situations which impact the parent-child relationship.
Whether the time for change is upon us, however, it cannot be denied that "[s]tare decisis gives stability and continuity to our case law" Herald Publishing Co. v. Bill, 142 Conn. 53, 62
(1955). With this in mind and accepting the principle that "a decision of [the Appellate Court] is controlling precedent until overruled or qualified"; Id. 61-62; this court is constrained to reject the plaintiffs' claim.
The motion to strike is granted.
Gaffney, J.